THE LYCOMING FIRE INSURANCE COMPANY

*v.*

ELIZABETH WARD.

1. JURY—*competency of juror.* If a juror has made up a decided opinion on the merits of the case, either from a personal knowledge of the facts, from the statement of witnesses, from the relations of the parties, or from rumors, and that opinion is positive and not hypothetical, and is such as will probably prevent him from give an impartial verdict, a challenge is well taken, and should be allowed.

2. But where a juror has no fixed or positive opinion in the case, and if he has any opinion whatever, it is from what he heard on the trial of another case similar to the one in which he is called, and is merely hypothetical, and will not prevent an impartial judgment on the facts as they may be proved on the trial, he is competent.

3. INSURANCE—*dealings with agent—and of evidence in respect thereto.* If a party contracts with an agent of an insurance company for an insurance, and pays such agent the premium, the payment will be binding on the company, whether the agent pays over the money or not, but if the premium is paid to a person by the assured, knowing at the time he was not an agent of the company, but only a street broker, the policy can not be enforced unless he pays over the money, when it contains a clause that the company shall not be liable until the premium is actually paid.

4. Where the assured contracts with one as the agent of the insurer, believing him to be such, and does not employ such supposed agent to act for him as his broker in obtaining an insurance, such person can have no power to act for or bind the assured, although the policy may provide that the person who may have procured the insurance to be taken shall be deemed the agent of the assured and not of the company.

35—90 ILL.

5. In such case the assured, in a suit on the policy for a loss, has the right to prove what the contract was with the agent. If the person procuring the insurance was not the agent or broker of the assured, it is proper to prove that fact, and if the assured dealt with such person as the agent of the insurer, that is proper to be proven. What was said and done by the contracting parties is a part of the *res gestæ*, and proper for the consideration of the jury.

6. Where a person conducts himself as the agent of an insurance company and examines the property to be insured, representing himself to be an agent, and, after agreeing to insure in a few days, returns with a policy properly executed ready for delivery, and the assured accepts the policy, and pays the premium in good faith under the belief such person is an agent clothed with full power, the company will be bound by the payment to such person, and estopped, by its own act in giving him the policy, to dispute the right to make payment of the premium to him.

7. SAME—*payment in property to agent.* While it may be true, that payment to an agent of an insurance company in articles out of a saloon may not be regarded as a payment on the policy, yet where enough was paid in money to satisfy the premium, that will suffice.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. LAWRENCE PROUDFOOT, for the appellant.

Messrs. SLEEPER & WHITON, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action, brought by Elizabeth Ward, in the Superior Court of Cook county, against the Lycoming Fire Insurance Company, on a policy of insurance, executed by the defendant to the plaintiff on the 24th day of April, 1874, insuring the property of the plaintiff for one year in the sum of $1500.

On a trial of the cause before a jury, the plaintiff recovered a verdict and judgment for the amount of the policy and interest, to reverse which the defendant appealed.

The first error complained of is, the decision of the court in overruling defendant's challenge to five persons, Hansen, Folz, Wood, Carney and Ahle, called as jurors. These jurors

were on the regular panel, but they had heard a part of the evidence given in a case which had just been tried in the court between the same plaintiff against the German Insurance Company of Freeport, where the questions involved were similar to those in the present case.

If a juror has made up a decided opinion on the merits of the case, either from a personal knowledge of the facts, from the statement of witnesses, from the relations of the parties or from rumor, and that opinion is positive and not hypothetical, and such as will probably prevent him from giving an impartial verdict, as held in *Smith* v. *Eames*, 3 Scam. 76, the challenge would be well taken, and should be allowed. But these jurors had no fixed or decided opinion in the case. If they had any opinion whatever, from what they had heard during the trial of the other case, it was merely hypothetical, and would not prevent a fair and impartial judgment on the facts as they might be proven on the trial.

The policy of insurance read in evidence contained the following provision: "It is expressly understood, and a part of this contract, that any person, other than the assured, who may have procured this insurance to be taken by the company, shall be deemed to be the agent of the assured named in this policy, and not of this company, under any circumstances whatever, or in any transaction relating to this insurance."

Another condition attached to the policy provided: "This company shall not be liable by virtue of this policy, or any renewal thereof, until the premium therefor be actually paid." The premium for the policy had never been received by the company, and it contends the policy was void, while, on the other hand, the plaintiff claims that she paid the premium to one Chas. Puschman, with whom she contracted for the insurance, and of whom she obtained the policy; and, under the circumstances connected with the transaction, the company is in no position to deny the validity of the payment, and upon this point the plaintiff introduced evidence to prove what was said and done between Puschman and herself, prior to

and at the time she contracted with him for the insurance, and that she paid him for the policies. The admission of this evidence was objected to at the time, and it is now relied upon as error.

Puschman was, at the time, an insurance broker or a street solicitor of insurance. He came to the plaintiff and represented that he was agent for the Lycoming Fire Insurance Company and the German Insurance Company of Freeport, and solicited the risk upon her property. He examined the property, and agreed to insure it in the two companies in the sum of $1500 in each, for a premium of $45 in the Lycoming, and $37.50 in the German Company, making a told premium for the entire insurance of $82.50. The plaintiff agreed to insure, and Puschman returned in a day or two with the two policies executed, and delivered them to her, and agreed that she might pay the premium in ninety days. On the 5th day of May, 1874, she paid Puschman cash, $30, drinks and cigars in her saloon, $2.50; June 6th, cash, $15; June 10th, cash, $35,—in all, $82.50. ·No part of this money was, however, ever paid over to the company by Puschman.

It is clear, that if the plaintiff had contracted with an agent of the company for the insurance, and paid such agent the premium, the payment would have been binding on the company whether the agent paid over the money or not, and it is doubtless true that if the plaintiff had paid the premium to Puschman, at the time knowing that he was not the agent of the company, but only a street insurance broker, the policy could not be enforced, if Puschman failed to pay over the money.

Again, if the plaintiff dealt with Puschman as the agent of the company, believing him to be such, and did not employ him to act for her as her broker in obtaining the insurance, he would have no power to act for or bind her. Under such circumstances, we are of opinion the testimony objected to was proper. The plaintiff had the right to prove what the contract was. If Puschman was not her agent or broker, it was

proper to prove that fact.   If she dealt with him as the agent of the company, that was proper to be proven.   Indeed, what was said and done by the contracting parties may be regarded as a part of the *res gestæ,* and admissible for the consideration of the jury.

In regard to the evidence that payment was made to Puschman by the plaintiff, we. perceive no valid objection that can be urged against it.   Puschman represented himself to the plaintiff as an agent of the company, he examined the property to see if the risk would be a safe one, he conducted himself in all respects as an agent clothed with authority to act, and after he had agreed with the plaintiff to insure her property, he returned with the policy, properly executed, ready for delivery.   The plaintiff accepted the policy, and paid the premium in good faith, under the belief that Puschman was the agent of the company.

Under such circumstances, who should bear the loss arising from the fraud committed by the street broker?   Should it fall upon the plaintiff, who was an innocent party in the transaction, or should it fall upon the company, who alone enabled Puschman to successfully consummate the contract of insurance by placing in his hands the policy for delivery?   The street broker was not the agent of the plaintiff for any purpose. If the evidence be true, he had no authority to act for her or bind her in any manner whatever by what he might do in the premises, and while he may not have been, in fact, the agent of the company, still, the company, by placing the policy in the hands of the street broker for delivery, is estopped from claiming that the payment made to him upon delivery of the policy is not binding upon the company.

It may be true that the amount which was received by Puschman out of plaintiff's saloon can not be regarded as a payment on the policy, but it does not appear, from the evidence, whether this sum was to be applied in payment of the policy in suit, or the other one contracted for at the same time, and as the amount paid in cash was more than enough

to pay the premium on this policy, we see no ground for holding that the premium was not all paid in cash. But independent of this, Puschman was entitled to commissions for procuring the insurance, as a broker, and if he saw proper to take out his commissions in the saloon, we know of no reason or authority to debar him from so doing.

Objection has been made to the ruling of the court on the instructions to the jury. The instruction given was not calculated to mislead the jury, and what has been said in regard to the admission of evidence, substantially disposes of the questions presented in regard to defendant's refused instructions.

Under the evidence, the plaintiff was entitled to recover, and as the record discloses no substantial error the judgment must be affirmed.

<em>Judgment affirmed.</em>