# The Ben Franklin Insurance Company

## v.

## Charles A. Weary.

1. INSURANCE—CONDITIONS IN POLICY—BREACH.—An insurance policy contained a condition that "if the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon, * * * the policy shall be void." *Held*, that the obtaining of other insurance upon the property by the assured without such consent was a breach of the contract and rendered the policy void.

2. PROPERTY ON LEASED GROUND.—A failure to inform the company that the property insured stood upon leased ground, there being a condition in the policy requiring such information to be given, avoided the policy, at least to the extent of the building insured. Whether it rendered the policy void as to the insurance upon the contents of the building, the court does not determine.

3. BROKER — COMPANY NOT CHARGEABLE WITH NOTICE TO HIM OF DEFECTS.—Where the assured employed a broker, who represented no particular company but merely solicited applications and procured them to be placed in different companies, to obtain his insurance, such broker is the agent of the assured, and the company making the insurance is not chargeable with facts affecting the risk which may have come to the knowledge of such broker, but were not communicated to the agent of the company.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding. Opinion filed May 2, 1879.

Mr. HENRY J. PEET, for appellant; that where the policy requires written notice of other insurance to be endorsed thereon, mere verbal notice to the company is insufficient, cited Worcester Bank v. Hartford Fire Ins. Co. 11 Cush. 265; Security Ins. Co. v. Fay, 22 Mich. 467; Gilbert v. Phœnix Ins. Co. 36 Barb. 372; Duclos v. Citizens' Mut. Ins. Co. 23 La. An. 332.

If the agent has notice of other insurance and fails to insert permission in policy, it is void: N. E. F. & M. Ins. Co. v. Schettler, 38 Ill. 166.

Mere knowledge of the company that other insurance had been procured is not sufficient to charge it: N. Y. Cent. Ins. Co. v. Watson, 23 Mich. 486.

Notice to the broker that building was on leased ground is not notice to the company: Lycoming Ins. Co. v. Rubin, 79 Ill. 402.

By keeping prohibited articles the policy is rendered void: Com. Ins. Co. v. Mehlman, 48 Ill. 313; Ceof v. Home Ins. Co. 44 Cal. 320; Macomber v. Howard Fire Ins. Co. 7 Gray, 257; Lee v. Howard Fire Ins. Co. 3 Gray, 583.

Erection of an addition without consent of the company, renders the policy void if the risk is thereby increased: Francis v. Sommerville Mut. Ins. Co. 25 N. J. 78; Allen v. Massasoit Ins. Co. 99 Mass. 160; Kern v. S. St. L. Mut. Ins. Co. 40 Mo. 19; Gardner v. Piscatagonia Ins. Co. 38 Me. 439; Heneker v. British American Co. 13 U. C. C. P. 99.

It is error to give an instruction tending to mislead: Brown v. Graham, 24 Ill. 628; Adams v. Smith, 62 Ill. 439; City of Freeport v. Isbell, 83 Ill. 440.

Mr. R. G. GIVINS, for appellee.

BAILEY, J. This was a suit in assumpsit, brought by the appellee against the appellant, to recover for a loss under a policy of insurance against fire. By said policy appellant insured appellee for the term of one year from June 1, 1876, against loss or damage by fire, to the amount of $1,000, to wit: $500 on his two-story frame building, used as a planing mill, situate at numbers 3930 and 3932 Arnold street, town of Lake, Cook county, Ills., and $500 on the engine, boiler, machinery and shafting contained therein. On the fourth day of October, 1876, the property insured was totally destroyed by fire. The trial in the court below resulted in a verdict in favor of appellee for $1,074.74, for which sum and costs judgment was rendered against appellant.

The defenses relied upon grow out of alleged breaches by the insured of certain conditions of the policy. Those conditions, omitting the portions not material here, are as follows:

" If the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon, or if the

above mentioned premises shall be occupied or used so as to increase the risk, or the risk be increased by the erection or occupation of neighboring buildings, or by any means whatever within the control of the assured, without the consent of the company endorsed hereon, or if the assured shall keep benzine or chemical oils without written permission in this policy, then, and in every such case, this policy is void.

" If the building insured stands on leased ground, it must be so represented to the company, and so expressed in the written portion of this policy, otherwise the policy shall be void.

" If during this insurance the above mentioned premises shall be used for storing, using or vending therein any of the articles, goods or merchandise denominated hazardous, extra-hazardous or specially hazardous, in the second class of hazards printed on the back of this policy, except as herein specially agreed to in writing upon this policy, then and from thenceforth, so long as the same shall be so appropriated, applied or used, this policy shall cease, and be of no force or effect."

Among the articles denominated extra-hazardous in the second class of hazards, printed on the back of the policy, was turpentine, and among those there denominated specially hazardous, were oils.

The evidence shows that after the execution of said policy, the plaintiff procured two other policies of insurance on the same property in other insurance companies, each for the sum of $800; also, that after the execution of appellant's policy, appellee erected a frame addition to said building, twenty-four feet long by sixteen feet wide, and occupied the same up to the time of the fire, for painting scale-boxes and mixing paints therein; keeping in said addition, on an average, two gallons each of benzine, turpentine and oil. The evidence further shows that the building insured stood on leased ground.

The policy contains no written permission either to make other insurance, to erect a neighboring building, to increase the risk, or to use benzine, turpentine or oils, nor is the fact that the building stood on leased ground expressed in

the policy.  As to these facts there seems to be no controversy.  Several clear and manifest breaches of the express conditions of the policy by the assured would thus appear to be established, rendering the policy inoperative and void at the time of the loss, unless the evidence shows a waiver by the company of these conditions, or of the forfeiture consequent upon their breach, or unless facts are shown upon which the company should be held to be estopped to avail itself of said conditions as a defense.

It appears that the policy in suit was obtained through the agency of one E. W. Wells, an insurance agent or broker, then doing business in Chicago.  This man does not appear to have been in the employ of appellant, but was engaged on his own account in soliciting applications for insurance, and taking such applications, when procured, to various insurance offices, and obtaining for the applicants policies of insurance.  In this way he seems to have obtained several policies from appellants' local agent in Chicago, prior to the date of the policy in suit. In procuring the insurance in question, appellee first went to the office of said Wells, and told him that he wanted $1,000 insurance, and Wells thereupon, upon information derived from appellee, partly filled up an application for insurance, and told appellee that he would place the insurance in the Ben Franklin Insurance Company, if they would accept it.  Wells thereupon went to the local agent of the company, handed him the application, and informed him as to the character of the building, and how situated, and then, on his own motion, and without any request from the agent, went with appellee and examined the building, machinery, engine, etc.  Upon the information thus obtained by Wells, the application was completed and delivered to the agent, and the policy issued.

There is evidence tending to show that at the time of this examination of the premises by Wells, the business of painting Fairbank's scale boxes was being carried on in the second story of the building, and that the cans in which appellee kept his oils were standing about, and Wells testifies that on returning to the office of the company's agent, he told the agent that appellee was making boxes in the building.  He further testifies

that appellee said nothing to him in relation to the title to the premises, nor does any communication upon that subject appear to have been made to appellant's agent.

The subsequent insurance was obtained by appellee after the execution of appellant's policy, and prior to the fire, through the agency of the same broker. There is no proof tending to show any consent on the part of the company to such subsequent insurance, either written on the policy, as required by the condition, or manifested in any other form. Some effort, however, is made to prove that Wells attempted to give notice of such insurance at the office of appellant's agent; but we think the evidence entirely fails to establish the fact that such notice was given. Wells testifies that he went to the office of the company's agent and told some person there that he had just obtained $1,600 additional insurance on the same property; but he is wholly unable to identify the person to whom he made this communication, nor has he any knowledge as to whether he was an employee in the office or not. The several employees in the office were called as witnesses, and they all deny any recollection of having received the notice. The burden of proving a waiver of the condition of the policy was on appellee, and he was bound to produce evidence from which such waiver might fairly be inferred. Whether notice to the company, followed by mere silence on its part, would be sufficient evidence of waiver of such condition as that contained in the policy before us, we are not called upon to decide. The evidence, to say the least, should be of such character as to raise a fair inference that notice was in fact given.

Nor do we think it can be fairly insisted that the company was chargeable with notice of such facts as were within the knowledge of Wells, the broker. He was in no sense an agent of appellant. He had not been employed by appellant to solicit applications for insurance, but was engaged as broker in obtaining applications on his own account, and afterwards placing the insurance with such companies as he could induce to take the risks. Appellee went to him first, and employed him to obtain $1,000 insurance, and to enable him so to do, assisted him in the preparation of an application for a policy, armed

with which the broker repaired to the office of appellant's agent, and obtained the policy.   Wells in this transaction was clearly the agent of appellee, and not of appellant.   His knowledge could affect the company only in so far as it was communicated to the company's agent.

We find no evidence whatever in the record tending to show that at the date of the policy, or at any other time prior to the fire, the company had any notice that the building insured stood on leased land.   No disclosure on this subject was made by appellee to his broker, even, nor did he inform appellant's agent of the condition of his title to the building sought to be insured.

The conditions of the policy in this case, of which appellant seeks to avail itself in defense, are usually found, in substance, in policies of insurance against fire, and, so far as we can perceive, there is nothing in them unfair or unreasonable.   At all events, they are of the substance of the contract which appellee is seeking to enforce, and the courts have no power to disregard them or set them aside.   There being evidence tending to show that appellant's agent, at the time of issuing the policy, had notice that a portion of the building was then in use in the business of painting scale boxes and mixing paints, we think the verdict of the jury may be sustained so far as that particular use of the building is concerned.   By obtaining the additional insurance, however, without notice to appellant, appellee rendered his policy with appellant void.   His failure to disclose the fact that the building stood on leased land, also rendered it void, at least as to the insurance on the building. Whether the breach of this condition avoided the policy also as to the machinery insured, is unnecessary for us to determine in this case.

We think the verdict was unwarranted by the evidence, and that a new trial should have been awarded.   The judgment will therefore be reversed and the cause remanded.

Reversed and remanded.