## THE SECURITY INSURANCE COMPANY

### v.

### AUGUST METTE ET AL.

*Fire Insurance—Conditions—Fall of Part of Building—Forfeiture—Strict Construction—Agency—Condition as to Title—Leasehold—Instructions.*

1. A condition in a policy of insurance providing for a forfeiture in case of the fall of the building insured, will not be construed as working a forfeiture upon the fall of a part of the building.

2. Where the building insured is on leased land, a failure to disclose such fact will work a forfeiture under a condition requiring it to be written in the policy.

3. In the case presented, the broker who procured the insurance in question acted as the agent of the assured. The mere delivery of the policy and payment to him of a commission did not constitute him the agent of the defendant.

4. The employment of an adjuster by the defendant before it knew the plaintiff's title was not a waiver of the condition as to title.

5. It is improper to submit an instruction touching a point upon which no evidence was introduced.

[Opinion filed September 19, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

In connection with this case see the following case of the Illinois Insurance Company v. Mette.

Messrs. MILLER, LEWIS & JUDSON, for appellant.

Mr. GEORGE F. WESTOVER, for appellees.

If an agent be informed by the assured of the true condition of his title, the company is bound thereby, even though the agent be not a general agent of the company. Atlantic Ins. Co. v. Wright, 22 Ill. 462; Commercial Ins. Co. v. Spanknable, 52 Ill. 53; Keith v. Globe Ins. Co., 52 Ill. 518.

Any of the conditions in a policy of insurance may, in this State, be waived by an agent. Aurora Fire Ins. Co. v. Eddy, 55 Ill. 213; Illinois Fire Ins. Co. v. Stanton, 57 Ill. 354; Home Mutual Ins. Co. v. Garfield, 60 Ill. 124; Reaper City Ins. Co. v. Jones, 62 Ill. 458; Lycoming Ins. Co. v. Barringer, 73 Ill. 230.

And this rule is held, even though the policy of insurance contain the clause, as do the policies in this case, that "any person," other than the assured, who may procure the insurance, "shall be deemed the agent of the assured and not of this company, under any circumstances whatever, or in any transaction relating to this insurance." Commercial Ins. Co. v. Ives, 56 Ill. 402.

If the agent of the company knows the facts, even in the absence of any disclosure by the assured, the company can not complain that the title is not stated in the policy. Phœnix Ins. Co. v. Tucker, 92 Ill. 64; N. E. Fire & Mar. Ins. Co. v. Wetmore, 32 Ill. 24.

Having knowledge, it is the company's duty to write the policy correctly. Union Ins. Co. v. Chipp, 93 Ill. 96.

And if the building be on leased ground, with the knowledge of the agent, the company can not avoid the policy because the fact is not stated therein. Lycoming Ins. Co. v. Jackson, 83 Ill. 302.

And in dealing with an agent the assured is not bound to know the extent of the agent's authority. Hartford Fire Ins. Co. v. Farrish, 73 Ill. 166.

Thomas Underwood acted as the agent of the insurance companies, and not as the agent of the appellees, August Mette & Co.

This is a question for the jury, and the jury has so decided. Sun Mutual Ins. Co. v. Saginaw Barrel Co., 114 Ill. 99.

GARNETT, J. In this case a judgment was rendered in the court below, on a policy of insurance against fire, in favor of appellees, and appellant, the defendant, appeals therefrom to this court.

The policy of insurance upon which the action is founded, contains the conditions, that "if a building shall fall, except as the result of a fire, all insurance by this company on it or its contents shall immediately cease;" "if the assured is not the sole, absolute and unconditional owner of the land on which such building or buildings stand, by a title in fee simple, and this fact is not expressed in the written portion of the policy, this policy shall be void;" and "it is a part of this contract that any person other than the assured, who may have procured this insurance to be taken by this company, shall be deemed to be the agent of the assured named in this policy, and not of this company, unless he shall have received a commission signed by the officers of this company, appointing him as its agent."

Security Insurance Co. v. Mette.

The building insured was a frame ice house 180 feet square under five gable roofs, and was constructed in five compartments, each gable roof covering one of them.  Shortly after the policy was issued, the south two fifths of the structure was blown down, leaving the three other compartments standing, and about three fourths filled with ice.  A few weeks afterwards the remaining parts of the building were destroyed by fire, and the appellant now claims that the policy was vitiated when the destruction of the two fifths took place.  Conditions in policies of insurance are not liberally construed for the purpose of producing forfeitures.  "While courts will extend all reasonable protection to insurers, by allowing them to hedge themselves about by conditions intended to guard against fraud, carelessness, want of interest, and the like, they will nevertheless enforce the salutary rule of construction, that as the language of the condition is theirs, and it is therefore in their power to provide for every proper case, it is to be construed most favorably to the insured."  May on Insurance (2d Ed.) Sec. 175.

The condition in the policy of appellant makes the insurance cease on the fall of the building.  Following the sound rule of construction above given, we can not say that the fall of two fifths of the ice house leaving the other three separate compartments standing intact, was a fall of the building within the terms of the condition.  Otherwise there is no halting point short of the proposition, that the fall of any substantial part of the building puts the condition in operation, and terminates the risk.  The rule requires that the appellant shall be taken to have provided all that was deemed necessary for its security, and that it shall have no benefit from the condition of its own making, until the building shall fall.  This identical condition received the attention of the Supreme Court of California in Brenner v. Insurance Company, 51 Cal. 101, the conclusion of the court in that case being in harmony with the views here expressed.  That the courts are in no haste to broaden this condition in favor of the companies is shown in Fireman's Fund Ins. Co. v. Congregation Rodeph Sholom, 80 Ill. 558, where it is said, "so long as the building remained

standing, there could be no exemption for liability, under this clause of the policy, no matter how much deprecation there may have been by the action of the winds or any other cause."

When the policy was executed and delivered, appellees were not, in fact, the owners in fee of the land on which. the ice house stood, but held it under a lease, and that fact was not written in the policy. Without explanation, this is a clear violation of the condition secondly above set forth. Appellee's reply is,, that one Underwood, who negotiated the insurance, was the agent of appellee; that he was fully informed that appellees only held the property by lease, and that the lease itself was shown to him before the insurance was agreed on. If, in fact, he was the agent of the company, the fact is not changed by that clause in the policy which declares that the person procuring the insurance shall be deemed to be the agent of the insured and not the agent of the company. But we find in the record no evidence tending to prove that Underwood was the agent of appellant when the lease was shown to him. Prior to the transaction in question he had no connection or business of any kind with appellant or its agents, Charles W. Drew & Co., nor did he inform appellant or its agents, that appellees' interest was a leasehold. Underwood was an insurance broker, having a desk in the office of James Ayars & Co., insurance agents. One Bremer, an insurance agent at. South Chicago, who had no connection or business relations with appellant or its agents, informed Underwood of the fact that appellee had an uninsured ice house in South Chicago. Underwood, without any communication with appellant, called on appellees to induce them to allow him to place their insurance. After some negotiation, Mette testifies that they finally concluded to let him place the insurance. Appellees did not name the companies, or any of them, from which the insurance was to be procured, but left that and everything else relating to the insurance, except the amount of risks and rates, to Underwood's discretion and judgment. He was not even asked by appellees the names of the companies in which the risk would be taken, nor did he inform them. Before appel-lant had any communication with Underwood, he had seen and

made all arrangements with appellees for procuring the insurance for them, and came from them to appellant with the description of the property, the amount of insurance they desired, the rate of premium they would pay, and with implied authority to select the companies.

The agents of appellant delivered the policy to Underwood, he delivered the policy to appellees, who paid him the premium, and the agents of appellant paid him, out of their commissions, ten per cent. on the amount of the premium. Delivery of the policy to Underwood, and the allowance of such commission to him, are supposed by appellees to be sufficient proof that he was agent of appellant. On a similar state of facts as to the question of agency, it was held in Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402, that the broker was the agent of the insured. See also Franklin Insurance Co. v. Weary, 4 Ill. App. 74; Kings Co. Fire Ins. Co. v. Swigert, 11 Ill. App. 590; McFarland v. Peabody Ins. Co., 6 W. Va. 434.

Aside from the delivery of the policy to Underwood and payment of the ten per cent. to him, there is absolutely nothing in the record from which the inference can fairly arise that he was the agent of the company. It necessarily follows that each instruction for the plaintiffs which submitted to the jury the question of Underwood's agency for the defendant was erroneous.

The employment by appellant of an adjuster, to examine into the loss after it occurred, was not a waiver of the condition as to title. There is no evidence that the company or its agents knew appellee's title was a leasehold when the adjuster was engaged. Certainly no intention to waive rights can be inferred, against one entitled thereto, when he is ignorant of the existence of such rights.

The modification by the court of the ninth instruction requested by defendant, erroneously submitted to the jury the question whether Underwood communicated to defendant, at or before the time the policy issued, the fact that the title of the insured to the land was a mere leasehold. No evidence was introduced tending to prove such communication.

The second and fourth of the defendant's refused instruc-

tions being in conformity with the views expressed in this opinion, should have been given to the jury. The court erred in refusing them.

Finding the judgment erroneous in the particulars specified, it must be reversed and the cause remanded.

*Reversed and remanded.*