ABNER R. McKINNEY AND LOUIS R. McKINNEY,
COPARTNERS,

v.

THE CITY OF ALTON.

*Municipal Corporations—Ordinances—Validity of—Licensing Insurance Agents—Paragraph 91 of Sec. 1, Article 5, of the General Incorporation Act.*

1.  The provisions of the organic act or charter by which a municipal corporation is created, restrict and fix the limits of its legislative powers. It can enact and enforce such ordinances only as would be embraced within the limits of the granted power.

2.  The word "brokers" in Par. 91 of Sec. 1, Art. 5, General Incorporation Act, can not be held to refer to or include "insurance agents *representing* corporations, companies or associations engaged in the insurance business."

3.  An insurance broker may be for certain purposes and at certain times an "agent," but an insurance agent *representing* corporations engaged solely in insurance business, can not be an insurance broker or act as such.

4.  In the case presented, this court holds as invalid plaintiff's ordinance touching the licensing of insurance agents.

[Opinion filed October 27, 1891.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. McNULTY & BAKER, for appellants.

Cities can not pass laws and ordinances at their pleasure upon such matters and topics as may come to the minds of the members of the governing body of the municipality. The charter of the city, or as is the case with the city of Alton, the general incorporation act of the State, under which it is organized, fixes the limit, beyond which it can not go. Judge Dillon in his work on Municipal Corporations, Sec. 55, says: "A municipal corporation can exercise only the following powers: First, those granted by express words. Second,

those necessarily or fairly implied in or incident to the powers expressly granted. Third, those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable."

This doctrine has been expressly approved by our Supreme Court in the following cases: Cook County v. McCrea, 93 Ill. 236; Huesing v. City of Rock Island, 128 Ill. 465; Emmons v. Lewiston, 24 N. E. Rep. 58.

"The term 'broker' in its largest sense, is applied to a specialist who acts as the medium of negotiating and contracting any kind of a bargain. Thus there are ship brokers, insurance brokers, real estate and insurance brokers, etc. The term is, however, emphatically applied to persons whose business it is to negotiate and effect contracts of sales between merchants." 2 Am. & English Encyc. of Law, 571.

Then again as to "insurance brokers" particularly, it is said: "Insurance brokers procure insurance and negotiate between the insurers and insured." 2 Am. & English Encyc. of Law, 593; Bouvier's Law Dic., title "Brokers."

"An insurance broker is agent for the insured and also for the underwriter. He is agent for the insured first in effecting the policy and in everything that has to be done in consequence of it; then he is agent for the underwriter as to the premium, but for nothing else." 2 Am. & English Encyc. of Law, 595. "But the broker is not so far the agent of the company that he may give the insured credit and bind the company in the meantime or make a binding contract of renewel, or waive conditions as to prepayment of premium." Maryland v. Royal Ins. Co., 71 Pa. St. 393; Hambleton v. Home Ins. Co., 6 Biss. (U. S.) 91.

Anderson's Law Dictionary defines an insurance broker as "a person who negotiates contracts of insurance. He is the agent of both parties. An insurance agent is ordinarily the employe of the insurer only."

And again this same authority (Anderson's Law Dictionary) says: "If the insured employs an insurance broker to place insurance for him, he is his agent. But if, acting on behalf of an agent of the company, the broker solicits insurance, he is the agent of the company."

The general principle is that the broker, who, on his own responsibility, without any previous agreement with, or authority from, the company, undertakes to solicit or place insurance, acts for the insured and not the insurer. Hine & Nicholas' Digest, Vol. 3, page 110.

In Lycoming Fire Ins. Co. v. Ward, 90 Ill. 545, the court makes a clear and definite distinction between an agent and a street broker, showing that the law does not regard the term " broker," as embracing within it " insurance agent." Again, it has been held that " notice to an agent is notice to the company." N. E. Fire & Marine Ins. Co. v. Schettler, 38 Ill. 166; Continental Life Ins. Co. v. Thoena, 26 Ill. App. 495. " But notice to a broker is not notice to the company." Ben Franklin Ins. Co. v. Weary, 4 Ill. App. 74; Kings Co. Fire Ins. Co. v. Swigert, 11 Ill. App. 590; Grace v. Amer. Central Ins. Co., 109 U. S. 278.

Mr. JOHN F. McGINNIS, for appellee.

A broker is an agent employed to make bargains and contracts between other persons in matters of trade for a compensation commonly called brokerage; or, in the language of Lord Chief Justice Tendal, " A broker is one who makes a bargain for another, and receives a commission for so doing. He is a mere negotiator between other parties, and never acts in his own name, but in the name of those who employ him, and in this case the court says that he is a middle man, and for some purposes acts as the agent of both parties. All agents are, to some extent, middle men; that is, they are the agents to act for and in the stead of their principal, and deal with third persons."

Now, in the present case the appellants were the agents of the insurance companies they represented, and for acting as such they received a commission for so doing, bringing them within the decision of the Supreme Court in 45 Ill. 79, which clearly defines a broker to be an agent. Also Buxter v. Duren, 29 Mo. 434; Ayres v. Spruance, 45 Ill. 308, and Brown et al. v. The City of Chicago, 110 Ill. 156, are in point, and in the case of Union Insurance Co. v. Chipp, 93 Ill. p.96.

GREEN, P. J.   This is a prosecution for violation of a city ordinance brought by the appellee, the city of Alton, against the appellants, A. R. McKinney & Son.  The ordinance in question is as follows:

"Eleventh.  Insurance agents representing corporations, companies or associations engaged in the business of soliciting or effecting life, fire or marine insurance, shall pay the sum of $25 per year, and such license may be taken out for any term, not less than three months, nor more than one year."

The prosecution was instituted before a justice of the peace where the default of the defendants was entered and a fine of $5 and costs was imposed.  From that judgment an appeal was prosecuted to the Circuit Court of Madison County, on a stipulation signed by the parties, by which it was agreed that this was to be a test case as to the validity of said ordinance. The case was tried in the Circuit Court by a court without a jury, and the court held that the ordinance was valid, and fined the defendant $5 and costs.  This appeal is taken from that decision of the court.  The only question involved is as to the power of the city of Alton, incorporated under the general law of the State, to pass the ordinance in question.

The provisions of the organic act or charter, by which a municipal corporation is created, restrict and fix the limits of its legislative powers.  It can enact and enforce such ordinances only, as would be embraced within the limits of the granted power.  In this case, it appears appellee is organized under the general incorporation act of this State, and claims the power is granted to enact and enforce the ordinance in question, by the terms of paragraph 91 of Sec. 1, Art. 5 of that act, which is as follows:  "To tax, license and regulate auctioneers, distilleries, breweries, lumber yards, livery stables, public scales, money changers and brokers."  The controversy arises over the question:  What is the true definition and meaning of the word "brokers," as used in the act?  If by the use of that word the legislature meant and intended to include "insurance agents *representing* insurance companies," then the ordinance, as to appellees, is valid, otherwise not. In order to give a true construction to the paragraph quoted,

and thereby correctly solve the question presented, certain well recognized rules apply. Among these is the rule that the legislature must be presumed to have used the word "brokers" in its known and accepted signification, and intended, by the use of that word, to confer upon municipal corporations in this State, the power to tax and license those persons only, whose vocation was that of a broker, as the term is generally understood.

In our judgment there is a marked and well defined distinction between "insurance agents *representing* corporations," and that of mere brokers.

Such insurance agents during their employment sustain a fixed and permanent relation to the companies they represent. They are clothed with general powers and authority, and assume responsibilities not conferred upon or assumed by brokers. They owe duty and allegiance to the companies employing them, and seek patronage only for the profit and benefit of such, and are precluded from soliciting insurance business for others.

The term broker, or insurance broker, is generally understood to mean a person who owes no duty or allegiance to any particular corporation. He is not one representing a particular corporation or corporations, within the meaning of the ordinance. He is free to procure insurance for others in any company he may select, and to solicit and procure business and patronage for any insurance company or companies he may select. In short, we agree with counsel for appellee, that an insurance broker may be for certain purposes and at certain times an "agent," but an insurance agent *representing* corporations engaged solely in insurance business, can not be an insurance broker or act as such.

The views expressed by us, we think, are fortified by the authorities. "Insurance brokers procure insurance and negotiate between insurers and insured." Bouvier, Law Dict., title, "brokers." In Lycoming Ins. Co. v. Ward, 90 Ill. 545, it is said: "If a party contracts with an agent for an insurance company for an insurance, and pays such agent the premium, the payment will be binding on the company whether the

agent pay over the money or not. But if a premium is paid to a person by the assured, knowing at the time he was not an agent of the company, but only a street broker, the policy can not be enforced unless he pays over the money."

In Kings Co. Ins. Co. v. Swigert, 11 Ill. App. 590, it is also said: "One who solicits insurance of the assured, and afterward procures a policy to be issued by the insurer, is not an agent of the latter. Nor does the fact that the insurer places its policy in the hands of the broker for delivery make him an agent." Ben Franklin Co. v. Weary, 4 Ill. App. 74, is to the same effect. Many other cases in point might be cited, but we deem it unnecessary. Our conclusion is that the word "brokers," used in the act, did not mean or "include" insurance agents *representing* corporations, companies or associations engaged in insurance business. Hence no power was conferred on appellee to enact and enforce said ordinance, and the same is void. The court erred in holding the ordinance valid, and entering judgment against defendants. The judgment is reversed and the cause will not be remanded.

*Judgment reversed.*