GAYSVILLE MANUFACTURING CO. *v.* PHŒNIX MUTUAL FIRE INSURANCE CO.

A provision in an insurance policy that any broker procuring it shall be deemed the agent of the insured and not of the insurers is not necessarily conclusive upon the question whether such broker was in fact the agent of the insurers to receive the premium.

The insurers' waiver of a forfeiture of a policy for non-payment of a premium may be inferred from conduct inconsistent with a purpose to insist thereon.

ASSUMPSIT, upon a fire insurance policy issued by a New Hampshire company upon property in Vermont.

*Albin & Martin* and *William L. Foster,* for the plaintiffs.

*Streeter, Walker & Chase, Luther S. Morrill, Leach & Stevens,* and *Frank N. Parsons,* for the defendants.

BLODGETT, J.    The plaintiffs' policy was obtained for them by
Francisco, an insurance agent and broker at Rutland, Vermont,
through the defendants' general agent, Jackman, at Concord in
this state.    The material subjects of controversy in this suit arise
upon two conditions, among others, contained in the policy:
First, ".This policy is issued by this Association and accepted by
the insured upon this condition, that 'if the premium on this
policy  .  .  .  is not paid to this Association within thirty days
from the date of the policy,' it becomes null and void, and this
Association is relieved from all liability under the same ; " and,
second, "If any broker or other person than the assured have pro-
cured this policy, he shall be deemed to be the agent of the
assured, and not of these companies, in any transaction relating
to the insurance."    The defence is, that the policy at the time of
the fire was void in consequence of non-performance of the fore-
going condition as to payment; while the contention of the plain-
tiffs is, that the evidence as reported is competent for the consid-
eration of a jury, not only upon the question of the waiver of
the condition, but also upon the question of payment of the pre-
mium within the time limited.    The case was heard by the trial
court upon the agreement between the parties that all evidence
offered by the plaintiffs should be admitted subject to the defend-
ants' exception, and that upon the conclusion of their evidence
the court should order a nonsuit *pro forma*, subject to the opinion
of the law term, saving to the defendants all legal objections to
the evidence introduced by the plaintiffs; and the question now
is, whether there was any competent evidence upon which the
defendants could properly be found chargeable by a jury.

For present purposes, the material circumstances attending
the transactions between the parties may be briefly summarized
as follows : The plaintiffs carried an insurance of some $60,000,
and for many years had been accustomed to obtain it through
Francisco, who kept track of their expiring policies, renewing
them from time to time as they expired, charging the premi-
ums to the plaintiffs, and from time to time sending them a
statement of account which they would pay by remittance which
he would credit to their account, in accordance with the general
usage or custom between insurance agents and the insured.    In
July, 1888, Jackman, being desirous of obtaining risks for the
defendants, sent to Francisco a circular letter, addressed to
"Agents and Brokers," soliciting his business, and offering him
15 per cent. commission upon all accepted risks, — premiums to
be paid by the tenth of each month following date of the policy.
In consequence of the receipt of this letter, Francisco, under date
of August 27, wrote to Jackman for insurance on the plaintiffs'
property to replace some expiring early the next month, inclosed
a survey of the property, and saying in his letter, "I prefer
placing the surplus direct rather than through brokers," which

expression, as he understood, made him the defendants' agent and entitled him to an agent's commission. Jackman replied August 29, calling for a statement of the value of the property and the amount of insurance upon it, and inclosing another copy of the foregoing circular. September 1, Francisco furnished the information sought, and two days later Jackman sent to Francisco a policy for $6,000 on the plaintiffs' property, countersigned as of September 8, charged the premium to Francisco on the defendants' books, credited him with the amount of his commission, and sent him a bill accordingly; and Francisco immediately transmitted the policy, which contained a recital of the payment of the premium, to the plaintiffs without any statement of account. October 10, Francisco made up and sent to the plaintiffs a statement of his account with them, and ten days later they sent him a check in payment, which he received before the hour of two in the afternoon of October 22, and before that hour drew and mailed his personal check to Jackman for the premium less the commission. The property insured was totally destroyed by fire on that day, at 2 : 45 p. m. On the following morning Jackman saw a notice of the fire in a newspaper, and, after seeing it, wrote Francisco that the policy had by its terms become void for non-payment of the premium, and asked for its return. Upon receipt of Francisco's check Jackman returned it to him, and thereupon Francisco sent the amount in money to Jackman by express, and, upon his declination to receive it, it has since remained in the hands of the express company. The policy has been cancelled on the defendants' books, but whether before or after knowledge of the fire the evidence was conflicting.

In these transactions and their attendant circumstances there was competent evidence which would warrant a jury in finding that Francisco was understood by the defendants to be their agent for the delivery of the policy and the collection and transmission of the premium, notwithstanding the condition of the policy that the person procuring it shall be deemed the agent of the insured, for this stipulation is not conclusive. It cannot overcome or change the facts (*Newark Fire Ins. Co.* v. *Sammons,* 110 Ill. 166, *Lycoming Fire Ins. Co.* v. *Ward,* 90 Ill. 545, May Ins., 2d ed., s. 135), nor will it be permitted to work out fraud (*North British, etc., Ins. Co.* v. *Crutchfield,* 108 Ind. 518); and whenever it is shown to be untrue, no reputable underwriter should insist upon it as a defence. *Lebanon Mutual Insurance Co.* v. *Hoover,* 113 Pa. St. 591. And accordingly it is held that when the person through whom the negotiations are had, and who is intrusted with the policy to be delivered, is a broker, he may not only receive the premium and bind the company, though he does not pay it over to them, notwithstanding a condition of the policy provides that the person obtaining the policy shall be regarded as the agent of the insured, but that he may even waive a provision forfeiting

the policy in case the premium is not paid before a specified day. *Lycoming Fire Ins. Co.* v. *Ward, supra; Marcus* v. *St. Louis Fire Ins. Co.,* 68 N. Y. 625; *Dilleber* v. *Knickerbocker Life Ins. Co.,* 76 N. Y. 567; *Sheldon* v. *Atlantic Fire Ins. Co.,* 26 N. Y. 460; May Ins., *ss.* 135, 136.

But independent of any question of agency, and giving to the condition the effect claimed for it by the defendants, the same evidence which would warrant a jury in finding that Francisco was the defendants' agent for the delivery of the policy and the collection and transmission of the premium would also warrant them in finding that the defendants, by their duly authorized agent Jackman, had accepted Francisco's individual credit as a payment of the premium, which would be equivalent to its actual payment as between the parties to this suit. *White* v. *Conn. Fire Ins. Co.,* 120 Mass. 330; *Elkins* v. *Susquehanna Fire Ins. Co.,* 113 Pa. St. 386, 394; *Long* v. *North British Ins. Co.,* 137 Pa. St. 335. "It is a general rule in England that the broker is debtor for the premium, and his being so is a payment of it as between the insured and the underwriter." 2 Phil. Ins. 554.

And beyond this,—the condition as to payment not being a condition precedent to the continuance of the policy but a condition subsequent only, the non-performance of which may incur a forfeiture or not, according to circumstances,—we are of opinion that, aside from any waiver by Francisco, there is evidence (derived from the relations of the several parties, the transactions between them, the course of business, the admission of the policy that the premium had been paid before its delivery, the failure to recall it or to exact or give notice of its forfeiture until after knowledge of the fire, the clerk's testimony as to the time the cancellation was made on the defendants' books, etc.) which would warrant a finding by the jury that the defendants themselves intentionally waived the forfeiture, and that for them now to insist upon its enforcement is to attempt a fraud.

*Nonsuit set aside : case discharged.*

CARPENTER and CHASE, JJ., did not sit: the others concurred.