## City of East St. Louis v. George Brenner.

1. BROKER—*Who is Not.*—A person employed by a life insurance company to canvass a city and solicit applications for insurance, collect premiums, representing his company alone and working for no other in any capacity, his pay measured by his success in securing applications and paid by the company weekly, all applications taken by him being presented to the superintendent of the company, who approved and issued policies upon them or rejected them, is not a broker, within the meaning of paragraph 91 of section 1, article 5 of chapter 24, R. S., entitled "Cities and Villages," authorizing cities and villages to tax, license and regulate brokers.

2. INSURANCE BROKER—*Who is and Who is Not.*—An insurance broker is a middle man between the insurer and the insured, and for some purposes is treated as the agent of both. He is ordinarily employed by the insured and is distinguished from the insurance agent who solicits insurance under employment by an insurance company.

**Debt.**—Violation of ordinances. Appeal from the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

C. B. CARROLL, attorney for appellant.

WM. P. LAUNTZ, attorney for appellee, contended that a municipal corporation can exercise the following powers and no others : first, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; and third, those essential to the declared objects and purposes of the corporation—not simply convenient, but indispensable. Hessing v. City of R. Island, 128 Ill. 465.

A city has no right to require a merchant to take out a license. City of Cairo v. Bross, 101 Ill. 475.

An insurance agent is not necessarily a broker, banker or money changer, or a dealer in goods, wares or merchandise. Lycoming Fire Ins. Co. v. Ward, 90 Ill. 545.

As a rule, a broker is a person who negotiates contracts of insurance and represents both the company and the insured, while an insurance agent is one in the employment of the underwriter only. 2 Am. & Eng. Ency. of Law, 571.

A broker is a term applied to a specialist who acts as the medium negotiating a contract or some sort of a bargain. There are ship brokers, insurance and real estate brokers, and the term is most emphatically applied to persons whose business it is to negotiate or effect contracts or sales between merchants. Bouvier's Law Dictionary, title Brokers.

Insurance brokers procure insurance and negotiate between the insurers and insured. 2 Am. & Eng. Ency. of Law, 595.

An insurance broker is an agent for the insured and also for the underwriter. He is agent for the insured, first, in effecting the policy, and in everything that has to be done in consequence of it; then he is agent for the underwriter as to the premium, but for nothing else. Anderson's Law Dic.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee was prosecuted for carrying on the business of an insurance broker without having taken out a license therefor, under the following ordinance: " It shall not be lawful for any person to exercise within this city the business of a money changer, or banker, broker, or commission merchant, including that of merchandise, produce or grain broker, and real estate broker, without taking out a license therefor, in the manner, and paying into the city treasury the fee designated and provided by ordinance, under a penalty of not less than five dollars, nor more than two hundred dollars, and a further penalty of five dollars for each day after the first conviction that such person shall continue such business without a license." The ordinance was passed under the authority granted by paragraph 91 of section 63, article 9, of the general incorporation act, which is: The city shall have power " to tax, license and regulate auctioneers, distillers, brewers, lumber yards, livery stables, public sales, money changers and brokers."

The right to pass or the legality of the passage of the ordinance is not questioned. The defense is that appellee is not an insurance broker.

The evidence shows the Metropolitan Life Insurance Company, of New York, is authorized to do business in East St. Louis, and that John Higginbotham is there its superintendent and general agent. The appellee was employed by the company, by such general agent, to canvass the city, present claims of the company to the favor of the public, solicit applications for insurance and collect premiums. He represented that company alone and worked for no other in any capacity. His pay was measured by his success in securing applications, which was received weekly, from the company only. When applications were taken by him, they were presented to the superintendent, who approved and issued policies thereon, or rejected them.

The case was tried before the court, which held, or refused to hold, as indicated, the following propositions of law, and gave judgment for the defendant:

1. The court holds that the legislature is fully author-

City of East St. Louis v. Brenner.

ized by the constitution to confer power by general law upon incorporated cities to demand and collect a license fee from all persons who shall pursue the business or calling of brokers within their limits, and to prohibit within the limits of said city the business of broker. *Held.*

2. The court holds that as sub-section 91 of section 63, of incorporation act, authorizes cities to tax, license and regulate brokers, the city council of the city of East St. Louis was fully empowered and authorized to pass section 740, regulating brokers, and also the provision sub-section 4 of section 417, article 1, chapter 16, which fixes the penalty for any violation of section 740. *Held.*

3. The court holds the law to be that a broker is one who is engaged for others, in negotiating contracts relative to property or other things, with the custody or possession of which he has no concern. *Held.*

4. The court holds the law to be that one who goes upon the streets and solicits insurance, who is not at the same time an agent duly appointed by some insurance company for that purpose, is an insurance broker. *Held.*

5. The law is that whoever works or solicits insurance without, at the same time, having authority to sign contracts that would bind the company in reference thereto, is not an agent of said company, but such person is an insurance broker. *Refused.*

6. The court holds that if the defendant wished to establish the fact that he is an agent of the insurance company he should have proved that fact by producing in court a commission from said insurance company, or satisfactorily account for the absence of such commission. *Refused.*

The question of law sharply raised by the facts is, was appellee an insurance broker? An insurance agent is not an insurance broker. Lycoming Ins. Co. v. Ward, 90 Ill. 545; McKinney v. City of Alton, 41 Ill. App. 508. An insurance broker is a middle man between the parties, and for some purposes is treated as the agent of both. Story on Agency, Sec. 23, Bouvier's and Anderson's Law Dictionaries; Angell on F. & L. Ins., Sec. 449. He is ordinarily employed by the insured and must be distinguished from the

ordinary insurance agent who solicits insurance under employment by the insurance company. Mechem on Agency, Sec. 931.

As stated by Arnold on Ins., Vol. 1, p. 108, Sec. 60, "*Prima facie*, the business of a policy broker would seem to be limited to receiving instructions from his principal as to the nature of the risk, and the rate of premium at which he wishes to insure, communicating these facts to the underwriters, and effecting the policy with them, on the best possible terms, for his employer." He represents no particular company, (Ben Franklin Ins. Co. v. Weary, 4 Ill. App. 74; Kings Co. Fire Ins. Co. v. Swigert, 11 Ill. App. 590,) and the company is not bound by his knowledge. A company whose soliciting agent secures the application is bound by the agent's knowledge, because he is the agent. Commercial Ins. Co. v. Ives, 56 Ill. 402. In this case cited, the agent had no authority to issue this policy, or to do more than take the application. One taking applications for a company who writes false answers, binds the company by the true answers made, which may be shown by parol. Mass. M. L. Ins. Co. v. Robinson, 98 Ill. 324, 330. There is no doubt but that appellee's company would be so liable if he should write false answers in the application, because he is its agent. It is true a broker is also an agent, as said in Saladin v. Mitchell, 45 Ill. 83. "He is a middle man, and for some purposes is treated as the agent of both parties. When he is employed to buy and sell goods, it is the custom to give to the buyer a note of the sale, called a sold note, and to the sellers a like note, called a bought note, in his own name, as agent of each, whereby they are respectively bound, if he has not exceeded his authority." The same principle applies to insurance. The person applying for insurance wants to buy, and the insurance company wants to sell. An insurance broker "is the middle man, and for some purposes is treated as the agent of both parties." Both parties, in such case, may, without relation to each other, place their business in his hands, with, it may be, conditioned terms, as with right of inspection or approval, etc.

The business of appellee is not analogous to such trans-

actions. He represents only one party as an agent, like any other solicitor or drummer, who travels, seeking to build up trade. The business of a "broker" is to represent all parties, buyers or sellers, in his line. His business, as a business, is not to represent simply one person or company.

The appellant earnestly insists the facts bring appellee within the cases of Saladin v. Mitchell, 45 Ill. 79, and Braun v. City of Chicago, 110 Ill. 186. The point in the first case was, that a broker, making a contract in his own name, without disclosing name of principal, enabled the principal to sue on such contract in his, the principal's, name. It was conceded that Hall, who made the contract, was a grain broker; and, as stated, the court determined the rights and liabilities that grew out of a contract made in his name; Hall's business fit the definition the court gave of a broker.

In the other case, 110 Ill., the parties held themselves out as brokers. Braun, as a business, sold produce on percentage for whoever employed him, as Lyman & Giddings negotiated the sale of real estate for whoever employed them. Neither party represented merely one person's business, like appellee.

The point of that case was the power of the city to enforce the license. The court held it was a license and not a tax, but if a tax, it was uniform as to the same class, and therefore from neither point of view was it illegal.

. The court's holdings of law were in harmony with our views and the judgment is affirmed.