Frankfort Marine Accident and Plate Glass Insurance Company, Plaintiff in Error, v. Daniel Lynch, Defendant in Error.

### Gen. No. 15,208.

INSURANCE—*when payment of premium to agent puts policy in force.* If a policy is delivered by the company to an agent for the purpose of its delivery and the collection of the premium thereon if such policy is delivered to the insured who pays the premium therefor to such agent, the fact that such agent fails to turn over the premium so collected to the company, as well as the fact that the policy was issued without prior application by the insured, will not prevent its going into effect as against the company.

Error to Municipal Court of Chicago; the Hon. W. W. MAXWELL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910.

**Statement by the Court.** Plaintiff issued to defendant a policy insuring him against loss from legal liability for personal injuries caused by his horses and vehicles for one year from October 29, 1906. Before that policy was issued one Laughlin called on defendant and asked to write him such a policy. Laughlin said that he would get the best rate he could, and afterwards returned and gave defendant a rate which he accepted. Laughlin afterwards brought defendant the policy and defendant paid him the premium, which he paid to plaintiff. October 1, 1907, Laughlin brought to defendant a similar policy of the plaintiff dated August 26, 1907, insuring defendant for one year from October 29, 1907, and said to defendant that if he would pay the premium, $100, he would give defendant $5 out of his commission. Defendant then gave Laughlin a check for $95, payable to his order, and Laughlin delivered the policy. The check was paid October 8, 1907. It does not appear that defendant saw Laughlin after the delivery of the first policy until the second was delivered. The application for the second policy was not signed by the defendant, but below the blank for the signature of the applicant are the words:

"Broker, M. F. Laughlin.
"M. J. Grogan, Res. Sec'y."

Grogan, the resident secretary of the plaintiff, testified that the premium had not been paid to plaintiff; that he did not authorize Laughlin to deliver the policy to Lynch; "I signed one and gave it to him and knew that he was delivering the insurance;" that the policy was delivered to Laughlin and with it a bill for the premium; that plaintiff often allowed Laughlin a credit of forty-five days, and when the premium was not paid at the end of that time a further statement was sent to Laughlin. In March, 1908, Grogan asked Lynch if he had paid the premium to Laughlin, and Lynch answered that he had. Grogan said that Laughlin had not turned in the premium and that he would see him and fix it up. March 19, 1908, plaintiff wrote Lynch cancelling the policy and enclosing a bill for $50 for the earned

premium and for such earned premium this suit was brought. A trial by the court resulted in a judgment for the defendant, to reverse which this writ of error is prosecuted.

C. E. HECKLER and PAUL LARMER, for plaintiff in error.

MAYER, MEYER & AUSTRIAN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

There is no evidence tending to show that defendant authorized or requested Laughlin to make an application for the second policy, or that he knew when he paid the premium that the application was signed by Laughlin. If from the evidence it could be held that Laughlin was the agent of the defendant to procure the first policy, such authority ceased when that policy was procured. Two months before the first policy expired plaintiff issued and delivered to Laughlin the second policy, charged the premium to him, gave him a bill therefor, and when he did not pay the premium over to the company within the period of credit allowed him, the company sent him another bill for the premium. Grogan, the resident secretary of the plaintiff, testified that he knew when he delivered the policy to Laughlin that Laughlin, "was delivering this insurance." He further testified on cross-examination in part as follows: "I made some effort to collect this insurance premium from Mr. Laughlin. A bill was sent enclosed with the policy. I made some effort after the policy was issued; a bill was sent several times, and I had some conversation with him about it. He said he was endeavoring to collect, doing his best to get the money for the company from Mr. Lynch and could not get it. '

Q. But he was acting for you in that capacity, was he, in placing this insurance? A. The premium usually comes through the broker.

Q. He was acting for you I say. Answer the question yes or no. A. Yes."

Four months after the policy took effect Grogan asked de-

fendant if he had paid the premium to Laughlin, and when told that he had, said he would see Laughlin and fix it up.

We think that on the evidence the trial judge might properly find that as between the company and Lynch, Laughlin was authorized to collect the premium from Lynch, or on the authority of the case of The Lycoming Ins. Co. v. Ward, 90 Ill. 545, might properly find that the company was estopped from claiming that the payment of the premium by Lynch to Laughlin made on the delivery of the policy was not binding on the company. The judgment of the Municipal Court is therefore affirmed.

*Affirmed.*