## COLUMBIAN NAT. LIFE INS. CO. v. LEMMONS, Adm'r.

No. 14446—Opinion Filed Dec. 18, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

1. **Abatement and Revival—Survival of Actions—Statute.**

Under section 822, Comp. Okla. Stat. 1921, all actions survive which survived at common law; and the action may be brought notwithstanding the death of the person entitled to the same.

2. **Same—Actions Founded on Contract Though Nominally in Tort.**

Under the common-law rule, where a cause of action is founded in tort, unconnected with contract, and affects the person, and not the estate, the action dies with the person; but when the action is founded on contract, although nominally laid in tort, the action survives. The line of demarcation at common law separating those actions which survive from those that do not is that in the first the wrong complained of affects primarily and principally property rights, and the injuries to the person are merely incidental, while in the latter the injury complained of is to the person, and the rights of property affected are merely incidental.

3. **Same—Action by or Against Executors or Administrators.**

Under section 1198, Comp. Okla. Stat. 1921, all actions founded upon contract may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators and intestates.

4. **Appeal and Error—Harmless Error—Instructions.**

This court will not reverse a cause because of the giving of an erroneous instruction, where it is manifest from the record that such instruction was not prejudicial to the rights of the complaining party.

5. **Insurance—Liability of Company for Delay in Action on Application for Life Insurance.**

Insurance companies are held, in law, to a broader legal responsibility than are parties to purely private contracts or transactions. This is based upon the fact that those companies act under franchise from the state, and the policy of the state in granting such franchise proceeds upon the theory that it is in the interest of the public to the end that indemnity upon specific contingencies should be provided those who are eligible and those who desire it, and for their protection the state regulates, inspects, and supervises their business. An

insurance company, having solicited and obtained an application for insurance, and having received payment of the fees or premiums exacted, is bound to act upon said application within a reasonable time or suffer the consequences caused by its neglect so to do.

### 6. Same—Action for Damages—Unreasonable Delay for Jury.

An insurance company may be held liable in damages to an applicant for insurance where there has been unreasonable delay in acting upon her application for insurance, and the question of unreasonableness of the delay is a question of fact for the jury under proper instructions of the court.

### 7. Same—Verdict—Evidence.

Record examined, and held, that the evidence reasonably supports the verdict of the jury.

Error from District Court, Payne County; C. C. Smith, Judge.

Action by Asa G. Lemmons, as administrator of the estate of Lulu Lee Lemmons, deceased, against the Columbian National Life Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilcox & Swank, for plaintiff in error.

Walter Mathews, for defendant in error.

MASON, J. This cause of action was commenced in the district court of Payne county, Okla., by the defendant in error, hereinafter called the plaintiff, against the plaintiff in error, hereinafter called the defendant, to recover damages caused by the negligent failure of the defendant company to pass on an application of plaintiff's testator for a policy of life insurance.

The plaintiff was the husband of Lulu Lee Lemmons, who died on May 24, 1922, after which he was duly appointed and qualified administrator of her estate. Prior thereto, on May 4th or 5th, at the solicitation of one W. H. Bailey, local agent of the defendant company, who came to their home in the city of Cushing, each of said parties made a written application to said company for life insurance. It appears that thereafter a policy was duly issued and delivered to Asa G. Lemmons on May 17, 1922. Mrs. Lemmons applied for a policy on the 20-annual-payment plan in the sum of $1,000, and the application was prepared in her home by said agent upon information furnished by her, after which it was signed by her and delivered to said agent, together with $13.56 as a premium on said policy for the first one-half year. Said agent then issued and delivered to her the following receipt of the defendant company:

"Received from Mrs. Lulu Lee Lemmons, of Cushing, Oklahoma, $13.56 on account of the first one-half year's premium on a proposed insurance of $1,000 on the 20-payment plan, as this day applied for, such insurance to be in force from the date of this receipt provided the application therefor be approved by the company at its home office in Boston, and a policy issued on the plan applied for, the company reserving the right to disapprove, reject, or postpone such application, and unless the policy is actually issued incurring no liability hereunder except for the return of any moneys paid hereon if the application be not accepted. This receipt shall not be binding unless the settlement receipted for above is for an amount at least equal to one quarterly premium on the policy applied for, nor for an amount of insurance in excess of $20,000 and not less than $1,000."

It further appears that on the same day, and at the request of said agent, the applicant was examined as to her physical condition by Dr. Davis, the authorized physician of the defendant company, and that she passed a satisfactory physical examination and a favorable written report was made by him and delivered to said agent, who forwarded it, together with the application, to the general office of said company, in Oklahoma City, which in turn forwarded it to the home office of the company in Boston, Mass., where it was received on May 9, 1922. Said application, however, was never accepted by the company and no policy issued thereon, although it does appear that a policy was prepared on the same day and mailed to the Oklahoma City office, with instructions that it was not to be delivered until after further investigation.

The plaintiff contends that it was the duty of defendant company to act on said application within a reasonable time, and that if it had so acted, the policy applied for would have been in force or the applicant would have had sufficient time to secure another policy before her death; that by reason of the carelessness and negligence of the defendant company, in not passing on said application within a reasonable time the estate of the deceased was damaged in the sum of $1,000.

The defendant denied that it failed to use reasonable care and diligence in properly acting and passing on said application, and contended that the failure to issue said policy was due to the negligence, carelessness, and want of care of said Lulu Lee Lemmons in giving an erroneous street number or address in her application for insurance.

The evidence on behalf of the defendant was that on May 6, 1922, the general of-

fice of the defendant company, in Oklahoma City, requested the Retail Credit Company of Oklahoma City to make an inspection report upon the application of Lulu Lee Lemmons and forward the same to the home office in Boston, Mass., said report being required by the defendant company for the purpose of determining the financial standing of the applicant as to her income and her probable worth, also, as to her personal habits in regard to morality, drinking, and use of narcotics, insanity, reputation, family history, and other information such as might escape the examining physician in making his report; that said inspection is usual and is customarily made on all applications for insurance before the policy is issued.

It further appears that said retail credit company immediately forwarded said request for inspection report to its agent at Cushing, who testified there was no house at the number given in the application, and that he made considerable investigation, but was unable to make a report on the same until May 24th, when he noticed an account in the local paper of the death of the applicant; that he immediately notified the company by telegram and the application was denied. After the application was canceled, the defendant company tendered back to Mr. Lemmons the premium which had been paid, but he refused to accept the same.

The undisputed evidence is that the applicant was in good physical condition at the time the application was made, but became ill with malarial fever on May 11th and grew much better by May 17th, but died from heart trouble on May 24th.

With reference to the address in the application being an erroneous one, the plaintiff testified that he informed the agent of the defendant company, at the time the application was being made out, that the Lemmons' home was not numbered, but that the first house south had a number on it of 217, and that the address of 218 was placed in the application by said agent.

The case was tried to a jury and a verdict returned for the plaintiff for the full amount sued for. Defendant filed a motion for new trial, which was overruled, and the case has been regularly appealed to this court.

It is to be observed that no contention is made that the delay of the defendant in passing on the application is to be construed as an acceptance of the application by the insurer, and neither is the action based on a contract of insurance, for no policy was issued. The action is based on the alleged negligence of the defendant in failing to pass upon said application for insurance within a reasonable time after it was received by the company and after the payment of the first premium.

For reversal, counsel for plaintiff in error first contend that a recovery cannot be had by the plaintiff herein, because the cause of action sued on does not survive to the estate of Lulu Lee Lemmons, deceased, for the reason that the same is founded in tort, and for the further reason that no cause of action accrued in the lifetime of the said Lulu Lee Lemmons, and therefore the same could not survive to her administrator.

In support of this contention, counsel cite Bradley v. Federal Life Insurance Company, 295 Ill. 381, 129 N. E. 171, wherein the Supreme Court of Illinois held in a case wherein an applicant for life insurance was accidentally killed instantaneously sometime after making his application, but before the company's agent transmitted it to the company, that no right of action for the agent's delay could accrue to the administrator.

In the body of the opinion it appears that the parties admitted that no cause of action accrued to the applicant in his lifetime, and the court bases its opinion on the lack of a statute in Illinois whereby said cause of action which never accrued during the lifetime of the applicant could accrue to the applicant's administrator after the death of the applicant. In support of this contention the court also cites 1 Corpus Juris, p. 181, section 325, as follows:

"Neither at common law nor under the statutes providing for survival of causes of action can a cause of action be held to survive in favor of or against the personal representatives of a deceased person, unless it accrued in favor of or against the decedent in his lifetime."

Without agreeing with counsel's contention, we may concede that the cause of action herein is founded in tort, and still we are of the opinion that it would survive at common law, and therefore would survive under section 822, Comp. Okla. Stat. 1921. Under the common-law rule, where a cause of action is founded in tort, unconnected with contract, and affects the person only, and not the estate, the action dies with the person; but where the action is founded on contract, although nominally laid in tort, the action survives. Lee's Adm'r. v. Hill, 87 Va. 497, 12 S. E. 1052, 24 Am. St. Rep. 666.

In 1 Cyc. p. 49, we find it stated as follows:.

"The question of whether an action survives, depends upon the nature of the action, and not upon the form of it. It has been held that the line of demarcation at common law, separating those actions which survive from those which do not, is that in the first the wrong complained of affects primarily and principally property and property rights, and the injuries to the person are merely incidental, while in the latter the injury complained of is to the person, and the property and rights of property affected are merely incidental."

Again, in Schouler on Wills, Executors and Administrators (6th Ed.) vol. 3, p. 2080, we find the rule stated as follows:

"Section 2188. As to actions founded, not in contract, but in some injury done either to the person or the property of another, and for which only damages are legally recoverable, by way of recompense, the earlier doctrine of the common law has been that the action dies with the person for the want of litigants; dies, that is to say, with the person who committed or the person who suffered the wrong. Hence, the executor or administrator of the injured party could not bring an action in former times for false imprisonment, assault or battery, or oher physical injury suffered by his decedent. Nor could he sue for torts affecting the feelings or reputation of his decedent, such as seduction, libel, slander, deceit, or malicious prosecution."

"Section 2191 (Id). Where the personal representative can show that damage has accrued to the personal estate of the deceased, through breach of the defendant's express or implied promise, the later rule is that he may sue at common law to recover damages, even though the action itself sound in tort."

Under section 1198, Comp. Stat. 1921, the cause of action would survive to the administrator if founded on a contract. The same rule applies in actions on implied or quasi contracts, although founded upon a tort. 1 Corpus Juris, p. 182, section 327.

Was the cause of action founded on contract? We think it may well be held that there was an implied contract if not a legal contract under section 1198, Comp. Stat. 1921, on the part of the insurance company to act on the application within a reasonable time; that is, either to accept the application and issue the policy, or reject the same, so that the applicant could secure insurance elsewhere, and that the consideration for said contract was the making of the application at the solicitation of the agent, the submission by the applicant at the request of the agent to an examination by the examining physician for said company, and the payment of the premium for the first one-half year, which the receipt provided was for insurance from the date of said payment in case the policy was issued.

Does the applicant acquire no rights by making an application, submitting to an examination, making a deposit, and forbearing to obtain other insurance, on the faith induced by the agent and the company that the application would be duly forwarded and acted upon? May the company with impunity receive an application and deposit and take no action whatever? Those engaged in the insurance business need no reminding of the importance of prompt action in such matters. The applicant in the instant case had done all she could do and had met all the requirements of the company in connection with an application for insurance, and then can it be said the company owed her no duty at all? We think not. Under section 5060, Comp. Stat. 1921, a reasonable time for performance is specified for all contracts in which no time is fixed, and therefore the insurance company was bound by the receipt it issued to the deceased, Lulu Lee Lemmons, to act within a reasonable time upon said application, and its alleged failure so to do is the basis of the plaintiff's cause of action, and although said action sounds in tort, it was based primarily upon said contract, and under section 1198, Comp. Stat. 1921, the action, therefore, survived to and was properly brought by the administrator of the applicant's estate.

It is next contended that the trial court erred in instructing the jury upon the question of contributory negligence. An examination of the court's instruction discloses that after the court defined contributory negligence the jury was told that if they found a certain state of facts, which were substantially the same as pleaded in its answer by the defendant, the plaintiff would be guilty of contributory negligence and could not recover, although the defendant had been negligent.

It must be admitted that these instructions were in conflict with the following rule announced by this court in Wichita Falls & N. W. Ry. Co. v. Woodman, 64 Okla. 326, 168 Pac. 209:

"The defense of contributory negligence is at all times a question of fact for the jury, under article 23, section 6, Williams' Annotated Constitution, and the court should not instruct the jury that a certain fact or circumstance or a given state of facts or circumstances do or do not constitute contributory negligence."

This general rule has been announced many times by this court. The instructions

in the instant case, although in conflict with this rule, were more favorable to the defendant than it was entitled to and could not have been prejudicial to its rights, and therefore, under the provisions of section 2822, Comp. Stat. 1921, could not constitute reversible error.

It is next contended that there is no competent evidence reasonably tending to support the verdict of the jury or the judgment of the court, and no proof of actionable neglegence on the part of the defendant insurance company. This contention, however, is not well taken in view of the holding of this court in a very able opinion by Mr. Justice Elting in the case of Security Insurance Company of New Haven, Conn., v. Cameron et al., 85 Okla. 171, 205 Pac. 151, wherein the facts were very similar to those in the instant case. The plaintiffs were the owners of a threshing machine, and upon the solicitation of an agent of the defendant company they made a written application for insurance on the same and executed their note in payment of the premium, but the agent delayed forwarding said application to the insurance company until after the loss of said property by fire. The plaintiffs brought suit to recover damages caused by the negligence and delay of said agent. And this court, in affirming the judgment of the lower court for the plaintiff, held as follows:

"Insurance companies are held, in law, to a broader responsibility than are parties to purely private contracts or transactions. This is based upon the fact that those companies act under franchise from the state, and the policy of the state in granting such franchise proceeds upon the theory that it is in the interest of the public to the end that indemnity upon specific contingencies should be provided those who are eligible and desire it, and for their protection the state regulates, inspects, and supervises their business. An insurance company having solicited and obtained applications for insurance, and having received payment for the fees or premiums exacted, they are bound either to furnish the indemnity the state has authorized them to furnish or decline so to do within such reasonable time as will enable them to act intelligently and advisedly thereon or suffer the consequences flowing from their neglect so to do."

Again, in the same case, in the 4th paragraph of the syllabus, the court held as follows:

"An insurance company may be held liable in damages to an applicant for insurance where there has been unreasonable delay in perfecting and forwarding an application to the company for acceptance or rejection, by the soliciting agent of the company or other agent who has authority to supervise the solicitation and preparation of applications, and the question of the unreasonableness of the delay is one for the trier of the facts in each particular case under proper instruction of the court."

In this case the court rendered a very exhaustive opinion which discusses all the questions raised here and disposes of them contrary to the contention of the insurance company. And, inasmuch as the facts in the instant case are so similar, we deem it unnecessary to discuss them at length, but deem it sufficient to say that we have examined the record carefully and are of the opinion that the evidence was sufficient to warrant the trial court in submitting the case to the jury, and was sufficient to support the verdict of the jury that the defendant company had not acted upon said application within a reasonable time.

Having examined the entire record and finding no reversible error, the judgment of the trial court is affirmed.

JOHNSON, C. J., McNEILL, V. C. J., and NICHOLSON and COCHRAN, JJ., concur.