## SMITH v. BLUE.

No. 14925—Opinion Filed June 23, 1925.

**1. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

Where the trial of a cause presents solely a question of fact, the determination of such question is wholly within the province of the jury, and where there is any competent evidence reasonably tending to sustain the verdict, the same will not be disturbed or reversed on appeal.

**2. Same—Judgment Sustained.**

Evidence examined and, held, the same was sufficient to sustain the verdict.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by E. M. Blue against Edwin G. Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

Titus & Talbot and Horton, & Horton, for plaintiff in error.

Ira A. Hill and H. C. Kirkendall, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court.

Plaintiff alleges he entered into a contract with defendant whereby defendant was to erect a certain building in Alva, Okla., for which plaintiff was to pay defendant $10,000, payments to be made as follows, 80% of the contract price as the work progressed, and the balance, or 20%, upon final completion and acceptance of the building. The contract and specifications are attached to the petition and made a part thereof, and the contract provides the specifications shall be a part of the contract.

(1) Plaintiff alleges he has through mistake paid defendant $19.66 in excess of the contract price of $10,000. Plaintiff makes the following claims against the defendant: Overpaid $19.66; failure of defendant to put on down spouts and gutters, $62; damage to building from rain, $75; failure to paint doors and windows, $75; furnishing broken glass or improper setting of same causing it to break, $231.84; failure to put roof on as per specifications, $400; failure to paint exterior stucco work, $186; failure to put catch basin in wash rack, $35; failure to put glass in doors, $49.50. Plaintiff also claims he is entitled to a credit of $140 for permitting a wall to remain standing that under the contract it was the duty of the contractor to remove if so directed by plaintiff; making a total of $1,274, for which sum plaintiff prays judgment. In his amendment to his petition plaintiff alleges he paid defendant $4,000 cash and paid the bills for material and work furnished for the building by material dealers and subcontractors, which amount so paid was $6,019.66.

The defendant filed answer by general denial, and filed his counterclaim for extra work in the sum of $1,374.05.

The cause was tried to a jury, and a verdict returned for plaintiff in the sum of $788.05, and from the judgment entered thereon, defendant appeals.

But one error is assigned and argued in the defendant's brief, to wit:

"The court erred in overruling the defendant's motion for a new trial for the reason the evidence was wholly insufficient to sustain the judgment."

At the trial plaintiff introduced in evidence receipts from material dealers and subcontractors, and testified he had paid those bills, amounting to $6,019.66, and paid defendant in cash $4,000.

Defendant contends it was necessary for plaintiff to show the defendant authorized the payment of these bills; that they were owing by the plaintiff, and that the material went into the building.

Defendant in his testimony disposes of this question, as shown by the following question propounded to defendant and the answer thereto:

"Q. And if he (plaintiff) has in fact paid these bills, then he does not owe you for them, does he? A. No, sir, any more than what he has paid over what I didn't O. K. these bills for."

Defendant could only testify to the following payments in excess of his O. K. —plumbing — overpaid $3.39; hardware, overpaid, $0.71; electric wiring, overpaid, $34.90.

Defendant further testified he agreed to allow plaintiff, if a certain wall was not torn down, a credit of $100, whereas plaintiff claimed a credit of $140, or a difference of only $40, making a total of but $79.

Defendant admitted liability for failure to install gutters and down spouts; painting and glass in doors, and with respect to the roof, he testifies he does not know what kind of a roof was put on, as he never saw it, and does not know whether it was according to plans and specifications or not.

The court took from the jury the claim of $75 damages to the foundations, and there was nothing but a plain unmixed question of fact, and this was a question wholly within the province of the jury to determine, and where a cause is tried to a jury, and there is any competent evidence reasonably tending to support the verdict, it will not be disturbed on appeal. Rose v Beller, 106 Okla. 143, 233 Pac. 454; Lowenstein v. Holmes, 40 Okla. 33, 133 Pac. 727; Iowa Dairy Separator Co. v. Saunders, 40 Okla. 656, 140 Pac. 406; School Dist. No. 13, Latimer Co., v. Ward, 40 Okla. 97, 136 Pac. 588; Smith v. Cornwell & Chowning Lumber Co., 101 Okla. 86, 223 Pac. 154; City of Shawnee v. Roush, 101 Okla. 60, 223 Pac. 354.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 853, §2834; 2 R. C. L. pp. 193, 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90, 5 R. C. L. Supp. p. 79. (2) 4 C. J. p. 853, §2834.