### MESSICK v. JOHNSON.

No. 20529.   Opinion Filed Nov. 24, 1931.

Rehearing Denied Feb. 16, 1732.

Sigler & Jackson, for plaintiff in error.

McComb & McComb, Stephen Treadwell, and Geo. N. Otey, for defendant in error.

LESTER, C. J.  The parties will be referred to as they appeared in the court below.

This is an appeal from the district court of Carter county, Okla.  The plaintiff was engaged in the business of an insurance actuary, working for private individuals calculating the value of insurance policies and giving advice to persons as to the proper method of adjusting their insurance.

The plaintiff employed the defendant to audit or value certain insurance policies held by the defendant under and by virtue of a certain written agreement dated November 17, 1926.  There was a supplemental agreement to this contract, both of which are as follows:

"I, Roy M. Johnson, of Ardmore, Oklahoma, hereby retain Robert M. Messick, of Kansas City, Mo., to make an audit, valuation and abstract of all life insurance policy contracts I have or am otherwise interested in, and to counsel and advise me for one year from date hereof to reducing the cost of my life insurance estate without diminishing the amount or duration of the adjusted aggregate net estate involved in the audit. As compensation therefor, I agree to pay an amount equal to one and one-fourth (1¼) of a future annual saving or reduction in net cost as shown, and certified by the said abstract; one-half of the compensation to be paid upon the completion and verification of the abstract with the agreed settlement of the company, and the other half on or before one year from date hereof; with interest at 6% per annum.

"Each policy involved is to form a material part of the audit and abstract, and the insurance company is accepted and held liable only as evidenced by its contract obligation.  The audit and valuation to be computed at five per cent. (5%) interest, the policy contract provisions to the contrary notwithstanding.  No charge to be made for the service on any policy where the insurance appears to be without excess cost computed as herein provided at any attained age of the insured.  The abstract, and advised ad-

justment procedures are to conform to present day developments in life insurance practices without requiring court action.

"Date of birth July 11, 1881. This valuation and audit to be computed at age 45 upon present existing conditions for a standard insurance risk.

"I pay herewith $100.00 as a retainer, and for credit hereon, which amount is to be promptly returned subject to the above provisions.

"Accepted. Roy M. Johnson, Insured.

"R. M. Messick, Actuary and Counselor.

"Abstract delivered Dec. 23, 1926. Anl. Saving $4,429.54. Fee $5,536.92. Paid $900.00 1-10 Bal. Due Nov. 17, 1928, $4,-809.13, including 6% interest."

Supplemental contract being as follows:

"Whereas, an agreement has been entered into this day between yourself and myself covering the auditing and making abstract of recommendations on my various insurance policies with a view of making a substantial savings to me in annual premiums:

"It is understood that in the event I do not carry out the recommendations made by you in regards to the savings on my annual premium payments, I hereby agree to pay you $900.00 additional upon the completion of this abstract, making a total of $1,000.00, in order that you may be reimbursed for the time, work and expense required in making a detailed audit and recommendations contemplated.

"This contract is to cover all insurance at present in force on my life.

"It is further understood that in the event I shall elect at some time in the future to put into effect the savings recommended by you, that you are to have the fee as set out in the contract on even date herewith, less the $1,000.00 heretofore paid."

The defendant in this case paid the $100 retainer fee and balance of $900 to the plaintiff, but refused to pay the balance under the terms of the contract, and upon failure of the defendant to pay according to the terms of the contract this action was commenced in the district court by the plaintiff.

The plaintiff pleaded the contract; that the defendant profited by said reason of the plaintiff's labor in the sum of $25,270; the refusal on the part of the defendant to pay the amount which the plaintiff claimed was earned in the sum of $4,536.92, with interest from the 17th day of November, 1926.

To this petition the defendant filed an answer denying generally the allegations; admitted the execution of the contract and by special plea pleaded that the contract made and attempted to be enforced was in violation of the insurance laws of this state.

The defendant further pleaded the failure on the part of the plaintiff to perform the contract in that the amount of the premiums had not been reduced, and that the plaintiff by changing his insurance had lost benefits which he did not receive in taking out the new insurance. To this a reply was filed. Issues being joined, the case was tried to the court without the intervention of a jury.

To the offer of testimony by the plaintiff there was objection to the introduction of any testimony on the ground that the contract was in violation of the state insurance laws, and defendant continued to object to plaintiff's evidence on the ground that the contract was illegal and void, and at the close of the plaintiff's testimony the defendant demurred on the ground that plaintiff had failed to state or prove a cause of action and the contract was in violation of the insurance laws, which demurrer was by the court sustained, and to this action of the court the plaintiff presents this cause here by petition in error and case-made attached.

The plaintiff assigns: "That the court erred in overruling motion for new trial. Judgment is contrary to law and evidence. The court erred in sustaining the demurrer of the defendant to the plaintiff's testimony."

It was contended by the defendant in the court below that this contract herein sued on was in violation of the state insurance laws in that the plaintiff was an insurance broker, and the same contention as made there is presented here.

Section 6665, C. O. S. 1921, is as follows:

"A contract of insurance is an agreement by which one party, for a consideration, promises to pay money or its equivalent or to do an act valuable to the assured upon the destruction, loss or injury of something in which the other party has an interest, and it shall be unlawful for a company to make a contract of insurance upon or relative to any property or interest or lives in this state, or with any resident thereof, or for any person as insurance agent or insurance broker to make, negotiate, solicit or in any manner aid in the transaction of such insurance, except as authorized by the laws of this state, and if the Insurance Commissioner shall notify any company of his disapproval of any form of policy, it shall be unlawful for such company to issue any policy in the form so disapproved. All contracts of insurance on property, lives or in-

terests in this state shall be deemed to be made therein,"

We must take the above section in its entirety, and it clearly shows that it relates to contracting of insurance. and not the reckoning of the value of insurance already held by an insured. The record does not show that the plaintiff held himself out as a broker or an agent of an insurance company.

The defendant insists that the use of the phrase contained in section 6665, supra, "or insurance broker," would include this plaintiff. The plaintiff was not soliciting insurance. He was not an insurance agent, nor was he engaged as a broker in the handling of insurance contracts. The word "broker" is defined by Bouvier's Law Dictionary: "Brokers. Those who are engaged for others in the negotiation of contracts relative to property with the custody of which they have no concern." Further: "Insurance brokers procure insurance, and negotiate between insurer and insured."

He did not solicit insurance or transmit for himself or any other person an application for insurance policy or assume to act in the negotiation of such insurance as would be deemed an insurance agent within the intent and meaning of section 6692, C. O. S. 1921, which provides:

"Any person who for compensation solicits insurance on behalf of any insurance company, or transmits for a person other than himself an application for a policy of insurance to or from such company, or offers or assumes to act in the negotiating of such insurance, shall be an insurance agent within the intent of this article, and shall thereby become liable to all the duties, requirements, liabilities and penalties to which an agent of such company is subject."

From the foregoing section of our statutes we reach the conclusion that the plaintiff was not a broker of insurance nor an insurance agent and that, therefore, the contract herein sued upon was not in violation of the state insurance laws.

In the case of McKinney et al. v. City of Alton, 41 Ill. App. 508, the Supreme Court of that state had before it a case where the city of Alton attempted by its charter and ordinances enacted in pursuance thereto to fix a license fee upon insurance agents and used the word or term "insurance broker." The court was called upon there to draw the distinction between insurance broker and insurance agent.

Quoting from the body of the opinion, the court said:

"Then again, as to 'insurance brokers' particularly, it is said: 'Insurance brokers procure insurance and negotiate between insurers and insured.' * * *

"'An insurance broker is agent for the insured and also for the underwriter. He is agent for the insured first in effecting the policy and in everything that has to be done in consequence of it; then he is agent for the underwriter as to the premium, but for nothing else.' * * * 'But the broker is not so far the agent of the company that he may give the insured credit and bind the company in the meantime or make a binding contract of renewal, or waive conditions as to prepayment of premiums.'"

It is to be noted that section 6665, supra, defines contracts of insurance and state control, and section 6692, supra, defines an agent as any person who for compensation solicits insurance on behalf of any insurance company, etc.

In the reading of these two sections of the statutes together we are convinced that the contract herein sued on was not in violation of the state insurance law in the light of the record before this court.

It is insisted that the evidence on the part of the plaintiff was insufficient to make a prima facie case against the defendant. We have carefully read the record and find that there was sufficient amount of evidence introduced by the plaintiff to constitute a prima facie right of recovery against the defendant and was immune against a general demurrer thereto.

The cause is reversed and remanded, with directions to the trial court to proceed in the cause not inconsistent with the views herein expressed.

RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER and SWINDALL, JJ., absent.