**TRAVELERS INS. CO. v. TALIAFERRO, Adm'r, et al.**

No. 24917. Nov. 5, 1935.

Rehearing Denied January 21, 1936.

Application for Leave to File Second Petition for Rehearing Denied March 10, 1936.

GIBSON, J. The plaintiff in error will be referred to herein as defendant, and the defendants in error as plaintiffs.

Plaintiffs commenced this action in the district court of Marshall county to recover damages suffered by reason of the alleged negligence of defendant in delaying action for an unreasonable length of time on plaintiff's application for a policy of workmen's compensation insurance. From a verdict and judgment in favor of plaintiffs, the defendant has appealed.

The pertinent allegations of the petition, for the purposes of the appeal, are as follows: On June 10, 1931, the plaintiffs presented to the defendant's agent at Madill their application for the insurance in question. The application was immediately forwarded to the defendant's state agent at Oklahoma City; that thereupon it became and was the duty of the defendant to pass on said risk promptly and determine for itself whether it would or would not write said policy of insurance, and promptly notify the plaintiffs of its action thereon; but that, notwithstanding such duty, it negligently and carelessly and in total disregard of its duty toward the plaintiffs, held said application in its office without taking any action thereon, and without notifying the plaintiffs in any manner as to its determination that it would or would not act thereon for a period of more than ten days and until after the 20th day of June, 1931, which delay was for an unreasonable length of time. It is further alleged that on said 20th day of June one of the plaintiffs' workmen was injured in the course of his employment and as a result plaintiffs were compelled to pay out the sum of $1,197.70; that if defendant had rejected plaintiffs' application within a reasonable length of time, they would have been able to procure other insurance elsewhere prior to the said injury as aforesaid, and that by reason of such negligence and carelessness and breach of duty of defendant toward plaintiffs, the plaintiffs have become liable to pay out the sum as alleged.

It is further alleged that the "plaintiffs were at all times ready, able, and willing to pay the premium therefor, but no request for the payment thereof was made to them."

A demurrer to the petition was overruled, and this ruling of the court, among other alleged errors, is assigned here for review.

This is an action ex delicto. No recovery is sought upon contract. The theory is neg-

Reuel W. Little and Randolph, Haver, Shirk & Bridges, for plaintiff in error.

Don Welch, for defendants in error.

ligence in the performance of an alleged legal duty.

Defendant says the petition is fatally defective in that it contains no sufficient allegation of the existence of a legal duty on the part of the defendant toward the plaintiffs. If no legal duty is pleaded, we must agree with defendant that the petition wholly fails to state a cause of action. 62 C. J. 1150, sec. 62.

Plaintiffs allege they submitted their application for an insurance policy to the defendant, and that "the plaintiffs were at all times ready, able, and willing to pay the premium therefor, but no request for the payment thereof was made to them," and defendant received the application.

Did this state of facts produce a legal obligation on the part of the defendant? Plaintiffs affirm that it did, and that such a rule has been recognized and adopted by this court in Security Ins. Co. v. Cameron, 85 Okla. 171, 205 P. 151, and Columbian National Life Ins. Co. v. Lemmons, 96 Okla. 228, 222 P. 255. (See, also, Brown v. Missouri State Life Ins. Co., 124 Okla. 155, 254 P. 7.) The decision in the Cameron Case was the first in this state dealing with an action ex delicto arising out of an insurance company's action in its acceptance or rejection of an application for an insurance policy. The second paragraph of the syllabus of that case follows:

"Insurance companies are held, in law, to a broader legal responsibility than are parties to purely private contracts or transactions This is based upon the fact that those companies act under franchise from the state, and the policy of the state in granting such franchises proceeds upon the theory that it is in the interest of the public to the end that indemnity upon specific contingencies should be provided those who are eligible and desire it, and for their protection the state regulates, inspects, and supervises their business. An insurance company, having solicited and obtained applications for insurance, and having received payment of the fees or premiums exacted, they are bound either to furnish the indemnity the state has authorized them to furnish or decline so to do within such reasonable time as will enable them to act intelligently and advisedly thereon or suffer the consequences flowing from their neglect so to do."

To the same effect is the fifth paragraph of the syllabus in National Life Insurance Co. v. Lemmons, supra. Brown v. Missouri State Life Ins. Co., supra, follows generally the decision in the Cameron Case and the Lemmons Case with the general statement in the first paragraph of the syllabus, as follows:

"It is the duty of an insurance company, having solicited and obtained application for insurance and having received the premium exacted therefor, to pass upon the application within a reasonable time by denying the insurance or by writing and delivering the policy as applied for; and the insurance company is liable for damages occasioned by its negligent or unreasonable delay in passing upon such application."

It would seem that the syllabus in the Cameron Case, supra, excluding the last sentence, would make of insurers public service companies and that the insurer is obliged to insure each and every applicant regardless of the nature of the risk, and, by reason of such public duty, the insurer is bound at its peril to act with reasonable diligence upon all applications coming into its hands. That such is not the meaning of the ruling is made clear by the qualifying words used in the last sentence of the paragraph. The legal duty as found to rest upon the insurer in the first portion of the paragraph, "that indemnity upon specific contingencies should be provided those who are eligible and desire it," is amply explained in the latter portion thereof; the insurer's duty arises when, and not until, it has solicited and obtained an application for insurance and has received payment of the fees or premium exacted. That this court recognized the last sentence of the second paragraph of the syllabus in the Cameron Case as embodying a complete statement of the rule, separate and apart from the first portion of the paragraph, is made apparent by the first paragraph of the syllabus in Brown v. Missouri State Life Ins. Co., supra.

An offer to enter into any character of contract, accompanied with consideration, places some obligation upon the offeree. He is obliged to return the consideration or accept the offer. If he refuse to act and retains the consideration, he is unjustly enriched at the expense of the offeror. Assumpsit would lie to recover the consideration retained. There exists an implied contractual obligation to return the consideration if the offer is rejected. The offeree who solicits and receives a certain offer to enter into contractual relationship, and the offer so solicited and received is accompanied with advance consideration, a contractual relationship is thereby created between the offeror and offeree and the offeree may well be said to have assented to act with diligence upon such offer.

The rule expressed by this court in Security Ins. Co. v. Cameron, supra, is not without legal reason to support it. The tort out of which that action grew consisted of the violation of a legal right incident to, or implied as a portion of, an existing contract. To that effect is the decision of this court in Columbian National Life Ins. Co. v. Lemmons, supra. An insurance company, in the absence of statute, is not required to accept all applications for insurance from parties who may be eligible, notwithstanding any inference to the contrary in the Cameron Case, supra. In the absence of consideration, it is not bound in any way to consider an application. This court has never held to the contrary. The decision in the Lemmons Case sets out the basic legal reason upon which the insurance company may become liable in tort under the circumstances here indicated. The sixth paragraph of the syllabus in the Lemmons Case announces the general rule now recognized in this state. It is as follows:

"An insurance company may be held liable in damages to an applicant for insurance, where there has been unreasonable delay in acting upon her application for insurance, and the question of unreasonableness of the delay is a question of fact for the jury under proper instructions of the court."

This general principle applies as the rule of law when, and not until, the circumstances of the case fix upon the insurer a contractual obligation which the insurer has violated. This is made clear by the definite pronouncement of the court in the body of the opinion (96 Okla. 228, 222 P. 258), as follows:

"Was the cause of action founded on contract? We think it may well be held that there was an implied contract, if not a legal contract under section 1198, Comp. Okla. Stat. 1921, on the part of the insurance company to act on the application within a reasonable time; that is, either to accept the application and issue the policy, or reject the same, so that the applicant could secure insurance elsewhere, and that the consideration for said contract was the making of the application at the solicitation of the agent, the submission by the applicant at the request of the agent to an examination by the examining physician for said company, and the payment of the premium for the first one-half year, which the receipt provided was for insurance from the date of said payment in case the policy was issued."

We know of no decisions of any court holding specifically that insurance companies are bound at their peril, in the absence of payment of premium or definite promise to issue policy, to act with diligence upon an application. (See 75 A. L. R. 955 et seq.)

The Supreme Court of Washington, in the case of Dyer v. Missouri State Life Ins. Co., 232 P. 346, quotes extensively from the opinion in the Brown Case, supra, and recognizes the rule that the insurer's obligation under circumstances as here presented arises under contract. The plaintiff in such cases merely waives his action on contract and predicates his claim upon tort arising from the breach of an implied obligation incident to the contract.

Plaintiffs in the present case have failed to plead facts sufficient to show the existence of a legal obligation on the part of the defendant. They plead no benefit accruing to the defendant in return for its implied promise to diligently consider plaintiffs' application. It is not shown that plaintiffs gave up a legal right in return for defendant's promise, that they suffered loss or detriment in return therefor. Plaintiffs were not bound by their application and their rights were in no wise altered by reason thereof. Therefore, by their petition they fail to allege the existence of a contract, express or implied, between the parties, consequently no breach of contractual obligation. Neither have they alleged the breach of an obligation otherwise implied by law. That they were at all times ready, able, and willing to pay the premium is not sufficient to constitute consideration for a promise to act diligently upon the application.

Having failed to allege the existence of either a contractual obligation or one implied in law, the petition is fatally defective.

The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to the trial court to sustain defendant's demurrer to plaintiffs' petition.

McNEILL, C. J., and RILEY, BAYLESS, and CORN, JJ., concur.