## GREAT NORTHERN LIFE INS. CO. v. SCOTT.

No. 27151.   May 4, 1937.

Rehearing Denied Oct. 19, 1937.

Application for Leave to File Second Petition for Rehearing Denied Nov. 2, 1937.

Keaton, Wells, Johnston & Barnes, for plaintiff in error.

Don Welch, for defendant in error.

CORN, J.  This is a suit for damages for unreasonable delay in passing on an application for insurance.  The plaintiff's theory, briefly stated, is that he had made an application to the defendant company for a policy of health and accident insurance and had paid the first quarterly premium thereon; that it became the duty of the defendant to pass on said application within a reasonable length of time and either accept or reject it; that it failed to act within a reasonable time; that during the interim he was injured and was not covered by insurance; that had the company acted within a reasonable time, he would have been covered by insurance; and that this unreasonable delay thereby damaged him in the sum of $2,600, which was the amount the insurance company would have owed him had the policy been in force at the time he was injured.

The case was tried to a jury, which rendered a verdict in favor of the plaintiff for $2,478; judgment was entered on the verdict; and this appeal follows.

The plaintiff in error was defendant and the defendant in error plaintiff in the trial court, and they will be so designated herein.

This general situation has been before this court in several cases:   Security Ins. Co. v. Cameron, 85 Okla. 171, 205 P. 151; Columbian National Ins. Co. v. Lemmons, 96 Okla. 228, 222 P. 255; and Travelers Ins. Co. v. Taliaferro, 176 Okla. 242, 54 P. (2d) 1069.

In the Cameron Case, the first in this state on the subject, this court said:

"Insurance companies are held, in law, to a broader legal responsibility than are parties to purely private contracts or transactions.  This is based upon the fact that those companies act under franchise from the state, and the policy of the state in granting such franchises proceeds upon the theory that it is in the interest of the public to the end that indemnity upon specific contingencies should be provided those who are eligible and desire it, and for their protection the state regulates, inspects, and supervises their business.  An insurance company having solicited and obtained applications for insurance and having received payment of the fees or premiums exacted, they are bound either to furnish the indemnity the state has authorized them to furnish or decline so to do within such reasonable time as will enable them to act intelligently and advisedly thereon, or suffer the consequences flowing from their neglect so to do.

"An insurance company may be held liable in damages to an applicant for insurance where there has been unreasonable delay in perfecting and forwarding an application to the company for acceptance or rejection, by the soliciting agent of the company or other agent who has authority to supervise the solicitation and preparation of applications, and the question of the unreasonableness of the delay is one for the trier of the facts in each particular case under proper instructions of the court."

The rule was reaffirmed in Columbian National Ins. Co. v. Lemmons, supra, in this language:

"An insurance company may be held liable in damages to an applicant for insurance where there has been unreasonable delay in acting upon her application for insurance, and the question of unreasonableness of the delay is a question of fact for the jury under proper instructions of the court."

Then in Travelers Ins. Co. v. Taliaferro, supra, the rule was again recognized in this language:

"Where an insurance company receives an application for insurance, together with the premium thereon, an implied promise is thereby created on the part of the company to act upon said application within a reasonable time, and the company may be held

liable in damages for breach of such implied promise, or the applicant may waive the contract and sue in tort for negligence on the part of the company in its failure to act within a reasonable time."

There is no complaint made as to the instructions of the court. Every instruction requested by the defendant on this point was given.

In Smith v. Blue, 111 Okla. 50, 238 P. 193, it is said:

"Where the trial of a cause presents solely a question of fact, the determination of such question is wholly within the province of the jury, and where there is any competent evidence reasonably tending to sustain the verdict, the same will not be disturbed or reversed on appeal."

In Mitchell v. Milner, 111 Okla. 70, 238 P. 210, the same rule in slightly different language is announced:

"Judgment of the court based upon the verdict of a jury, in a law action, will not be reversed on appeal if there is competent evidence which reasonably tends to support the verdict of the jury."

On Thursday, August 10, 1933, the application was executed in the city of Ada, Okla., and there delivered to a soliciting agent of the company, and the premium paid and a receipt for it executed.

This application was received in the Oklahoma City office of defendant late in the afternoon of August 14th, the following Monday, four days later. Had it been mailed out of Ada the same day it was taken, it would have reached the Oklahoma City office of the company the next morning, Friday the 11th.

There is, then, up to this point, an unexplained, unjustified, and unnecessary delay of at least three days, which the jury was justified in finding was the result of the negligence of the soliciting agent who took the application. For such negligence of said agent the company is liable. Security Ins. Co. v. Cameron, supra.

The application was then sent from the Oklahoma City office to the Chicago office, where the policy was to be written, and was received there at the office of the company on Thursday, August 17th, sometime between 9 and 10 o'clock in the morning.

According to normal mailing time between Oklahoma City and Chicago, a letter mailed in Oklahoma City on the afternoon of one day is received in the Chicago post office on the afternoon of the following day, and is delivered by carrier on the following morning.

The evidence shows had the application been received in the Oklahoma City office in the morning it would have been mailed out to Chicago the same day. As it was, however, it was received there late in the afternoon of the 14th and was not mailed out to Chicago until the next day, the 15th.

The policy was actually executed, issued, and dated Monday, August 21st, which was exactly four days after the application had reached the Chicago office.

It must be borne in mind that as to accidental injuries, and that is concededly the nature of said injuries received by the plaintiff, the "term of this policy begins on the day this policy is dated against bodily injury effected by accidental means."

Counting the day it received the application, Thursday the 17th, Friday the 18th, and Monday the 21st, the day the policy was executed in Chicago, only three working days were required to consider the application, make the necessary entries on the records, and issue the policy and place it in force. This is for the reason that Saturday the 19th and Sunday the 20th were not working days in the Chicago office.

The plaintiff was injured on August 17th, at a time when he was not covered by insurance, and he was thereby greatly damaged. The fact of his injuries, the seriousness thereof, and the amount of his damages are not disputed by defendant.

The application itself charged the defendant and its agent that the plaintiff was engaged in an extremely hazardous employment; that he wanted the insurance and needed it; and thus the defendant was charged with the duty of at least normally speedy action in getting the application acted upon. It was the duty of said agent to immediately place the application in the mail, and his negligent failure to do so rendered the defendant liable. Had he done this it would have reached Oklahoma City on the morning of the 11th, and would have been started on its way to Chicago the same day. It would have reached Chicago on Sunday, and the office of the defendant company on the morning of the 14th, Monday.

To charge the company only with the diligence it actually did use, Monday the 14th and Tuesday the 15th, only, would have been consumed in the preliminaries, and on Wednesday the 16th the policy would have been issued and placed in force, covering the plaintiff for the injury he suffered on the following day, the 17th.

There was no attempt on the part of the

defendant to deny, excuse, justify, or explain this negligent disregard of its duty to the plaintiff; and in the absence of such, the jury was justified in finding that it was negligent.

Meyer v. Central States Life Ins. Co. (Neb.) 173 N. W. 578, cited by defendant, is easily distinguishable. In the first place, there existed facts justifying the delay; and in the second place, the application for the policy in question permitted the use of 60 days in acting upon it.

In Page v. National Automobile Ins. Co. (Neb.) 190 N. W. 213, relied on by defendant, the applicant was himself negligent in failing to furnish a complete application. Thus the case is inapplicable. In the opinion, however, this language appears:

"Whether such a delay (a delay of only five days) is evidence of actionable negligence depends on circumstances."

That being true, it becomes, in the absence of justification, a question for the jury.

Judgment affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and HURST, JJ., concur. RILEY, WELCH, and GIBSON, JJ., absent.