## STATE FARM LIFE INSURANCE CO. v. BARBE.

No. 29275. March 26, 1940.

*100 P. 2d 866.*

Clayton B. Pierce and Truman B. Rucker, both of Oklahoma City, for plaintiff in error.

Walter Hubbell and C. C. Campbell, both of Walters, for defendant in error.

HURST, J. This action was brought by plaintiff Barbe against the defendant insurance company to recover damages for its negligent and unreasonable delay in acting upon an application for accident insurance made by plaintiff. The trial court overruled a motion for directed verdict made by the defendant at the close of the evidence and submitted the case to the jury. From an adverse verdict and judgment thereon, defendant appeals, asserting as error (1) the overruling of the motion for a directed verdict; (2) the refusal to give requested instructions to the jury; and (3) that the verdict is excessive. These contentions will be dealt with in order.

1. The first contention requires a brief review of the evidence. Therefrom it appears undisputed that plaintiff made application on September 14, 1937, at Walters, Okla., for an accident insurance policy, making the necessary premium deposit thereon, and also for a life insurance policy, both applications being made through the local agent of defendant. These applications were forwarded by the local agent to defendant's district office at Enid, thence to its central office at Oklahoma City, and thence to its home office at Bloomington, Ill., reaching the home office September 20. The local agent of defendant did not require plaintiff to submit to a medical examination at the time the applications were made, and defendant's home office in due time notified the agent that such examination was necessary in connection with plaintiff's application for life insurance, and directed him to have plaintiff examined. Defendant also directed the Retail Credit Company to investigate plaintiff and report to defendant on whether or not the plaintiff would be an acceptable risk for an accident policy. This report was received in the home office of defendant October 1, 1937, and according to its witnesses, showed that plaintiff was not a desirable prospect. Defendant, when it received this report, did not reject the application. On October 7th plaintiff accidentally shot himself in the foot, which necessitated the amputation of his leg above the knee. On October 21st defendant rejected both applications.

Plaintiff produced evidence tending to prove that by sending his applications direct from Walters to the Oklahoma offices and thence to Bloomington, they should have reached the home office of defendant in not to exceed four days. Defendant's evidence was that the applications followed the usual routines in effect in its organization. It explains that its failure to act with more dispatch was due to the fact that an investigation of plaintiff was considered desirable before acting on the application, and also to the fact that when applications for accident

and life insurance were made to it by the same person at the same time they were handled together, and that after receiving the report of the Retail Credit Company, action on plaintiff's application for the accident policy was deferred pending receipt of the medical examiner's report in connection with the application for life insurance. It offered no evidence to explain why the medical examination for life insurance was not made at the time the application therefor was made, although its evidence showed this to be a prerequisite to the consideration of such application, nor did it offer any evidence tending to explain why neither its district office at Enid nor its state office at Oklahoma City, through both of which the application was handled, initiated any investigation of plaintiff in connection with the application for accident insurance. This evidence was far from conclusively establishing that the delay in acting upon the application was reasonable. Therefore the reasonableness or unreasonableness of the delay was a question of fact for the jury. Great Northern Life Ins. Co. v. Scott, 181 Okla. 179, 72 P. 2d 790. The motion for instructed verdict was therefore properly overruled.

2. Defendant's second contention is based upon the refusal of the trial court to instruct the jury that if plaintiff, in his application for accident insurance, misrepresented his earning capacity, and overstated his past income, such misrepresentation would bar recovery by him in the present action. But it must be remembered that the action was not brought on the policy of insurance. It sounded in tort, although primarily founded on contract. The insurance company owed to plaintiff the duty to act upon the application within a reasonable time, and the recovery is sought for the breach of that duty. Columbian Nat. Life Ins. Co. v. Lemmons, 96 Okla. 228, 222 P. 255. The cases cited by defendant, holding that in actions on insurance policies material misrepresentations by the applicant will bar recovery, do not apply. The record is barren of evidence that the delay in acting on the application was in any way due to misrepresentation on the part of plaintiff, but, on the contrary, such delay was asserted to have been caused by plaintiff's failure to submit himself for medical examination for life insurance, and the business policy of defendant in handling the two applications together as one transaction. The misrepresentations, if made, did not cause defendant to change its position, and were not relied upon by it to its injury. No authority is cited, and we have been unable to find any, holding that under such conditions, and in an action of this nature, such misrepresentations, if established, would bar a recovery. We do not think the trial court erred in refusing to give the requested instructions.

3. Defendant's third contention is that the verdict is excessive. The trial court correctly instructed the jury that plaintiff could not recover a greater amount than his average monthly earnings, and not exceeding what he would have received under the policy if it had been issued. Johnson v. Farmers Ins. Co. (Iowa) 168 N. W. 264. Under the policy plaintiff was entitled to $500 for the loss of his leg, monthly indemnity at the rate of $80 per month during such time as he was totally disabled and under the care of a physician for a period from October 7, 1937, to January 21, 1938, a period of four months, for which he was entitled to $320. He was also entitled to receive $80 per month for the additional twelve months of total disability, or $960, making a total of $1,780. The verdict was for $1,940. This was $160 in excess of the amount to which plaintiff was entitled under the trial court's instructions.

The judgment is affirmed on condition that the plaintiff, within 15 days from the receipt of the mandate herein by the trial court, files a remittitur for the amount of $160, otherwise the judgment will stand reversed and remanded for a new trial.

BAYLESS, C. J., and RILEY, CORN, and DAVISON, JJ., concur.