## HAYES v. CHARTER OAK FIRE INS. CO. et al.

No. 31145. Feb. 15, 1944.

145 P. 2d 941.

Rollie D. Thedford and Sam S. Gill, both of Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendants in error.

PER CURIAM. This is an action commenced by O. L. Hayes, hereinafter referred to as plaintiff, against the Charter Oak Fire Insurance Company, defendant, to recover damages for delay in issuing an insurance policy for fire covering the household goods and dwelling house of the plaintiff. The prayer was for $1,483.80. At the conclusion of the trial the court directed a verdict for the defendant, and plaintiff appeals.

The record substantially discloses that James S. Rodman solicited insurance contracts on an installment plan. Several of these contracts were introduced in evidence for the purpose of showing that Rodman had procured contracts from the defendant through an agent named Mashburn. In pursuance of this plan, on the 4th day of December, 1940, Rodman took the application of plaintiff and received $5 in payment of a prem-

ium for the purpose of securing an insurance contract on plaintiff's dwelling and household goods. On the 21st day of December, 1940, plaintiff paid Rodman $10.60, the alleged balance due on the alleged policy, which plaintiff claims he was then entitled to, and thereupon Rodman delivered the application to Mashburn, who purchased contracts from the defendant. The evidence discloses that Mashburn was what is known as a broker and together with delivering contracts on application from the defendant also delivered contracts from other insurance companies.

On December 31, 1940, the house was completely destroyed. The plaintiff makes two contentions. It is first urged that the court erred as a matter of law in holding that there was no evidence that the defendant was liable on the contract. With this contention we cannot agree. Rodman was not the agent of the defendant. Rodman delivered the application to Mashburn, on the 31st day of December, on the date the house had already been destroyed. For the purpose of proving that the plaintiff had brought home knowledge of the application and the receipt of money by Rodman, plaintiff introduced the testimony of his wife that either on the 19th or 20th of December, 1940, she called defendant's office by telephone and talked to someone therein and informed the one to whom she was talking that plaintiff had the balance on the insurance policy; that she informed the party to whom she talked that she wanted Rodman to come out and get this balance; that Rodman came out in a day or two and got the remaining $10.60.

There is nothing in this set of facts that would warrant the submission to the jury the question of the agency of Rodman. Agency is a question of fact to be proved and the burden is on the plaintiff to prove agency. Where the facts are in dispute, it is a question to be submitted on proper instructions to the jury. Where the facts are not in dispute it is a question of law for the court. Plaintiff relies upon Great Northern Life Insurance Co. v. Scott, 181 Okla.

179, 72 P. 2d 790, and State Farm Life Insurance Co. v. Barbe, 187 Okla. 22, 100 P. 2d 866. In our opinion these cases are not in point. The applications in those cases were delivered in due time to the insurance company who caused the delay resulting in the damages. See, in this connection, Messick v. Johnson, 155 Okla. 139, 8 P. 2d 28; Farmers Automobile Inter-Insurance Exchange v. Little, 191 Okla. 244, 129 P. 2d 70.

It is next argued that the court erred in overruling the motion for new trial based on newly discovered evidence. In the motion for new trial Rodman, who was made a defendant and defaulted at the trial, gave his supporting affidavit and stated therein substantially that some time between the receipt of the $10.60 on the 20th day of December, 1940, he talked to Mashburn, who told him that the company would issue a "binder." Upon this application plaintiff seeks a new trial. Rodman stated that he was ill at the time of the trial; that he had never been questioned by plaintiff or anyone else as to this state of facts; that he did not disclose this state of facts prior to the date of the trial for the reason that he supposed someone would ask him about this state of facts. We are of the opinion, and hold, that the application shows a lack of due diligence on the part of the plaintiff. The failure of plaintiff to make inquiry of Rodman as to whether or not he had communicated with Mashburn, the alleged agent of the defendant, and obtained the alleged "binder" was inexcusable.

A "binder" is a written contract by a duly authorized agent of an insurance company recognizing liability on a forthcoming contract during negotiations for said contract. See, in this connection, the recent case of Hoover v. Miller Nat. Ins. Co. (Wash.) 135 P. 2d 846. If it was the purpose of plaintiff to rely upon this alleged state of facts, the application shows a lack of due diligence to make inquiry regarding said state of facts. It is a cardinal rule that an application for a new trial on the ground of newly discovered evidence

must disclose that the evidence was not known and by the exercise of due diligence could not have been known prior to the date of trial. Ellis v. Mid-Continent Oil & Gas Co., 65 Okla. 124, 165 P. 177; Abrams v. Neal, 182 Okla. 560, 78 P. 2d 1049.

The judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.