William C. PEDDICORD, Appellee,

v.

The PRUDENTIAL INSURANCE COMPA-
NY OF AMERICA, a corpora-
tion, Appellant.

No. 43796.

Supreme Court of Oklahoma.

June 20, 1972.

Joe Cannon, Oklahoma City, for appellee.

Andrew M. Coats, Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, for appellant.

LAVENDER, Justice:

On or about January 31, 1966, the appellee, William C. Peddicord, applied for hospitalization insurance with the appellant insurance company. At the time of submitting his application for insurance, Peddicord paid $20.21 by check to the appellant. This sum represented the first monthly premium. Admittedly the application form contained wording to the effect that the insurance applied for would not be issued until the company had approved the application and issued its policy. On February 17, 1966, the plaintiff received a gunshot wound which caused him to incur $751.00 in hospital and doctor's medical fees. A witness testified that, in performing his employment at the hospital involved, he mailed the hospital bill to the insurance company on March 2, 1966. The plaintiff testified that he mailed the second monthly installment of premiums to the appellant on March 2, 1966.

It was admitted that the insurance company cashed both of the installment premium checks sent to it by Peddicord.

On or about March 15, 1966, the appellant rejected appellee's application for insurance. He was notified of the company's action by a letter from the appellant's underwriting department and orally by the agent who solicited the insurance. He was sent the company's check for the two premium payments. Peddicord did not cash the check, but turned it over to his lawyer. The check appears in the record.

This action was commenced the following May. In the petition, as well as in the amended petition, Peddicord alleged that he was entitled to recover his said medical expenses "under the terms of the policy of insurance applied for from the defendant, the issuance of which it (the defendant) is now estopped to deny, * * *." The insurance company's answer was generally to the effect that because the application for insurance had not been approved a policy had not been issued and in the absence of a contract of insurance the company had no liability to Peddicord.

The cause was tried to a jury. Two of the trial court's instructions are the basis for appellant's primary complaint on appeal to this court. Those instructions are as follows:

"Instruction No. 6—You are instructed that as a matter of law an insurance company has the right to accept or reject an application for an insurance policy.

"In this connection, you are instructed that it will be your duty to determine from all of the evidence brought before you in this case whether or not the defendant in this instance acted within a reasonable length of time in rejecting the application herein.

"In this connection, you are instructed that the period of time to be considered by you is from the date of the application to the date of the injury involved herein.

"Instruction No. 7—You are instructed that if you find from a preponderance of the evidence in favor of the plaintiff,

then you will fix the amount of plaintiff's recovery at $751.00.

"On the other hand, if you do not so find or if you find that the defendant acted within a reasonable length of time in the rejection of the issuance of an insurance policy, then you will find for the defendant that plaintiff take nothing."

The jury returned a verdict in favor of plaintiff for the medical expense and the insurance company has appealed. Two propositions are urged by appellant as the basis for reversal. They are:

"1. The Trial Court committed reversible error in submitting the case to the jury on the question of negligence in view of the fact that plaintiff's claim was based on breach of contract and estoppel.

"2. The Trial Court committed reversible error in overruling defendant's Demurrer, Demurrer to the Evidence and Motion for an Instructed Verdict."

The decisive question then—as we see it —is whether it was reversible error for the trial court to give the instructions heretofore set forth in view of the issues raised by the pleadings. We hold that if the trial court committed error it was not such as to warrant a reversal and a re-trial of this matter.

Appellant's main argument seems to be that the plaintiff's petition alleged a cause of action in contract whereas the trial court submitted issues of negligence to the jury.

■ Whether an insurance company acts upon an application for insurance within a reasonable time has been held by this court to state an action sounding more in contract than in tort especially where the applicant for the insurance makes a payment of the first premium at the time he submits his application. In Columbian Nat. Life Ins. Co. v. Lemmons (1923), 96 Okl. 228, 222 P. 255, a delay-in-acting-upon-the-application-for-insurance case, in

which it was alleged that the insurer was guilty of negligence in failing to pass upon the application within a reasonable time after it had been submitted to it, this court said, " * * * We think it may well be held that there was an implied contract if not a legal contract * * * on the part of the insurance company to act on the application within a reasonable time; that is, either to accept the application and issue the policy, or reject the same, so that the applicant could secure insurance elsewhere, and that the consideration for said contract was the making of the application at the solicitation of the agent, the submission by the applicant at the request of the agent to an examination by the examining physician for said company, and the payment of the premium for the first one-half year, which the receipt provided was for insurance from the date of said payment in case the policy was issued." This court then went on to hold that the action was not solely one in tort which died with the insured but that the action sounded in contract and survived in favor of the legal representatives of the deceased would-be insured.

The application and receipt for the first premium in the case before us contained a provision that the effective date of the coverage would commence with the date of the application (and the payment of premium) regardless of when thereafter the application should be approved and the policy issued.

█ The rule of the above cited case requiring action by a would-be insurer upon an application for insurance within a reasonable time has been reaffirmed in a number of decisions of this court since that time. See, for example, St. Paul Fire & Marine Ins. Co. v. Creach (1947), 199 Okl. 372, 186 P.2d 641. The applicant for the insurance may sue on the implied promise (to act within a reasonable time on the insurance application) or waive the

contract and sue in tort for negligence in failing to act within a reasonable time. Travelers Ins. Co. v. Taliaferro (1935), 176 Okl. 242, 54 P.2d 1069.

In Republic National Life Insurance Co. v. Chilcoat (1961), Okl., 368 P.2d 821, we refused to hold as a matter of law that a delay of thirteen days between the date of the application for life insurance and the subsequent death of the insured was not an unreasonable delay, but affirmed the trial court's submission of the question to the jury.

█ Returning to the case before us, it is clear to us that the jury in this case determined that the period of time between Peddicord's application for the hospitalization insurance and the date of his accident which gave rise to his claim for medical payments was long enough for the company to have completed its investigation of Peddicord and to have acted upon his application. There was also evidence—to which we have heretofore alluded—from which the jury might reasonably have concluded that the reason the insurance company rejected the application for the insurance was because of the injury to Peddicord and the resulting $751.00 claim, and not because of something the investigation turned up about Peddicord.

If the trial court erred in giving either or both of these instructions, we hold that such error was a harmless one in view of the fact that the insurance company was afforded an opportunity to be heard upon the only basis for liability against it under the evidence—that of delaying too long in acting upon the application. We have examined the record and cannot say that the jury's decision of the factual question is not supported by any credible evidence.

Judgment affirmed.

All of the Justices concur.