Neva Floy ALT, Administratrix of the Estate of Ray Thomas Alt, Deceased, Appellant,

v.

AMERICAN INCOME LIFE INSURANCE CO., Appellee.

No. 7724.

United States Court of Appeals Tenth Circuit.

Oct. 26, 1964.

Robert G. Grove, Oklahoma City, Okl. (Grove, Winters & Cloud, Oklahoma City, Okl., on the brief), for appellant.

Paul R. McDaniel, Oklahoma City, Okl. (Wm. J. Holloway, Jr., and Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, Okl., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant has taken this appeal from a summary judgment granted by the trial court to Appellee-defendant. The decedent Ray Thomas Alt signed and submitted to Appellee insurance company on June 23, 1961 an application form for a life insurance policy and paid the initial premium. On August 13, 1961 he died in a boating accident. This negligence suit against Appellee was filed in the Oklahoma State Court and removed to the United States District Court. A motion to remand was denied. The complaint alleges the Appellee to have been negligent in not accepting or rejecting the application for insurance, and that such delay caused damage to Appellant in the amount of the insurance applied for. The record shows that the decedent did not submit a report of his medical examination.

The Appellant urges that the Appellee had a duty to act promptly on this application for insurance, and cites among other cases, Republic National Life Insurance Co. v. Chilcoat, 368 P.2d 821 (Okl.1961) and Columbian National Life Insurance Co. v. Lemmons, 96 Okl. 228, 222 P. 255. These cases and Travelers Ins. Co. v. Taliaferro, 176 Okl. 242, 54 P.2d 1069 lay down the requirement that the insurance company must act on an application within a reasonable time, and so state the law of Oklahoma, if it is applicable. See also Annotation at 32 A. L.R.2d 513.

The record before us shows that the agent received an executed application form from the decedent on June 23, 1961, and the same evening furnished to the decedent a form for the medical examination report telling him that it was required. The application form was sent by the agent to the company the following day. The company thereafter advised the agent several times that the medical report had not been received. The agent, about two weeks before the death of the applicant, personally visited and told him that the medical examination form was still needed. The decedent responded that he had been too busy to tend to it. This was the only contact by the company with the decedent following the meeting when the premium was paid and the application form signed.

The officers of the Appellee stated in affidavits accompanying a motion for summary judgment that no medical report had been received and under the company rules one was here required. The court ordered a response of the motion be filed and requested Appellant to attach counter affidavits relating to the question of a medical report. No such affidavits were filed. Appellant has submitted a brief which states that she had been unable to produce evidence that decedent had taken a medical examination. Thus, on the summary judgment the facts stated in affidavits submitted by Appellee stating that no medical report had been received are not controverted.

The trial court held that the Appellee had received no application for insurance on which it could act. The application form submitted indicated, although not too clearly, that the medical report was required as a part of the ap-

474

plication. The applicant, however, was told by the agent that such a report was required. The trial court held that the "agreed upon" application was not complete to an extent that the Appellee was called upon to act. Thus the doctrine set forth in the above cited Oklahoma cases did not come into play, and we further do not need to discuss choice of law questions bearing on tort liability.

■ The record shows there was no genuine issue of material fact before the trial court. The Appellant did not, and apparently was not able, to comply with Rule 56(e) as to counter affidavits. The cause of action was for negligence, but no facts were presented by Appellant to show the existence of such negligence, and no inference from the undisputed facts lead to such a result. Summary judgment for the Appellee was proper.

This issue has been considered by the 5th Circuit in Warren v. New York Life Ins. Co., 128 F.2d 671, a case arising in Louisiana. It was there held that the company was not negligent in failing to inform the applicant that his application was suspended by reason of the need for additional data supporting the application following his misleading answers on an original application. The Supreme Court of Oklahoma in Missouri State Life Ins. Co. v. Brown, 150 Okl. 143, 300 P. 623 held that the evidence of negligence on the part of the company was insufficient where the failure of an applicant to furnish additional requested medical data prevented the completion of the contract. There was in this cited case a failure to pay the initial premium but the decision is not based on such fact. See also Butterfield v. Springfield Life Ins. Co., 128 Kan. 510, 278 P. 733, and cases cited in 32 A.L.R.2d p. 521.

It was incumbent on the Appellant to establish that an application had been made. The trial court found there had been none and the affidavits support the finding. Appellant alleged in her complaint that such had been done, but the facts by way of Appellee's affidavits show the application was but a partial one and a required part was not submitted.

There was no issue as to these facts, and the allegations of negligence in the complaint or petition are of no avail. The failure to complete the application lies with the inaction of the decedent.

Affirmed.