Clifford M. CURTIS, Plaintiff-Appellant,

v.

CAMPBELL–TAGGART, INC., Rainbow Baking Company of Oklahoma City, Rainbow Baking Company of Tulsa and Mead Foods, Inc., Defendants-Appellees.

No. 81–1736.

United States Court of Appeals, Tenth Circuit.

Aug. 31, 1982.

Certiorari Denied Dec. 13, 1982.

See 103 S.Ct. 576.

Clifford M. Curtis, pro se.

Burck Bailey and Margaret McMorrow-Love of Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, Okl., for defendants-appellees Campbell-Taggart, Inc., Rainbow Baking Co. of Oklahoma City and Rainbow Baking Co. of Tulsa.

Peter B. Bradford of Bradford & Haswell, Oklahoma City, Okl., for defendant-appellee Mead Foods, Inc.

Before SETH, Chief Judge, and PICKETT and SEYMOUR, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

Clifford M. Curtis seeks to recover damages from defendants for alleged anti-trust violations. Three theories of recovery are alleged: first, that defendants in the late 1960's conspired to force plaintiff out of the baking business; second, that in 1977 defendants forced the closure of the Enid, Oklahoma facility of Bond Baking Company, where plaintiff was employed; and third, that certain of defendants conspired to prevent plaintiff from purchasing the closed Enid facility and instead, purchased it themselves. The district court granted defense motions for summary judgment. We affirm.

Briefly stated, the record discloses the following pertinent facts. Mr. Curtis has been variously employed in the baking business since 1947. In June 1966, he purchased Bill's Baking Company in Clinton, Oklahoma. He alleges that starting in 1967, the defendants conspired to ruin his business by threatening his suppliers and reducing prices, among other activities. Consequently, Mr. Curtis was forced to close this facility in 1969. He was subsequently employed by another baking company, Cotton's Holsum, in Louisiana. In 1976, he returned to Oklahoma as an employee of the Bond Baking Company. According to the record, Mr. Curtis left that employment in 1977 after a dispute with the management of Bond Baking over the closing of the Enid facility. Mr. Curtis alleges that thereafter he sought to purchase the Enid facility from Bond, but was thwarted in those efforts by the actions of certain of the defendants, who ultimately purchased the bakery for themselves.

Because judgment was granted on defense motions for summary judgment, we must on appeal examine the evidence in a light most favorable to the plaintiff, the party opposing the motion. *See Lindley v. Amoco Production Co.*, 639 F.2d 671, 672 (10th Cir. 1981).

Defendants contend that Mr. Curtis' first claim regarding the Clinton facility is barred by the applicable four-year statute of limitations. 15 U.S.C. § 15b. Mr. Curtis argues that because the violations are of a continuing nature, the four-year statute does not apply. We do not agree. The general rule is that a plaintiff's cause of action accrues on the date the defendant commits an act that injures the plaintiff's business. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338, 91 S.Ct. 795, 806, 28 L.Ed.2d 77 (1971).

Where the alleged violations are final in their impact causing, as here, the destruction of the plaintiff's business, the action must be commenced within the statutory period. *Poster Exchange, Inc. v. National Screen Service Corp.*, 517 F.2d 117, 126 (5th Cir. 1975), *cert. denied sub nom. Exhibitors Poster Exchange, Inc. v. National Screen Service Corp.*, 423 U.S. 1054, 96 S.Ct. 784, 46 L.Ed.2d 643 (1976). Whatever damages Mr. Curtis suffered as a result of

the action of defendants accrued in 1969, when the plant was closed, and are thus barred by the statute of limitations.

■ Mr. Curtis next contends that the actions of defendants during his tenure as an employee of Bond entitle him to relief under the anti-trust provisions. Generally, however, employees are not permitted to recover for anti-trust violations committed against their employers. *Jones v. Ford Motor Co.*, 599 F.2d 394 (10th Cir. 1979); *Reibert v. Atlantic Richfield Co.*, 471 F.2d 727 (10th Cir.), *cert. denied*, 411 U.S. 938, 93 S.Ct. 1900, 36 L.Ed.2d 399 (1973). It is uncontroverted that during the years in question, Mr. Curtis was a salaried employee of Bond Baking. He consequently has no standing to bring this anti-trust action.

■ Finally, Mr. Curtis asserts that actions of defendants in violation of the anti-trust laws prevented him from purchasing the Enid baking facility. In 1977, while the Enid plant was closed and apparently for sale, Mr. Curtis did not own a baking business. However, most courts have not required a plaintiff to actually be engaged in an ongoing business in order to have standing under the anti-trust laws. "It is sufficient if he has manifested an intention to enter the business and has demonstrated his preparedness to do so." *Hecht v. Pro-Football, Inc.*, 570 F.2d 982, 987 (D.C.Cir.1977), *cert. denied*, 436 U.S. 956, 98 S.Ct. 3069, 57 L.Ed.2d 1121 (1978). *See generally* II P. Areeda and D. Turner, *Antitrust Law* ¶ 335c (1978).

The following are key elements in evaluating the preparedness of an individual to enter a business: ability to finance the business and purchase the necessary facilities; consummation of contracts towards the purchase of the business; affirmative action by the plaintiff to enter business; and the background and experience of the plaintiff. *Martin v. Phillips Petroleum Co.*, 365 F.2d 629, 633–34 (5th Cir.), *cert. denied*, 385 U.S. 991, 87 S.Ct. 600, 17 L.Ed.2d 451 (1966). Although Mr. Curtis certainly has manifested an intention to enter the baking business, we agree with the district court that he has failed to show sufficient preparedness to raise a genuine issue of fact under these standards. While he does meet the background and experience requirements, he did not have a contract to purchase the bakery. In an effort to obtain financing, Mr. Curtis testified that he contacted the Enid Chamber of Commerce, several banks in Enid, and the Small Business Administration. There was some indication of cooperation from these sources, but Mr. Curtis apparently was required to raise "front money" in the sum of $150,000, which he was unable to do. He thus failed to demonstrate his own ability to secure the financing that would have been necessary to purchase the facility. While Mr. Curtis undoubtedly had a great interest in purchasing the bakery, he was far from reaching that goal.

■ Summary procedures are to be used sparingly in anti-trust litigation. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). But where, as here, the record clearly indicates that there are no circumstances under which plaintiff can prevail, summary procedures are appropriate to avoid needless trials and unnecessary expense. *Farnell v. Albuquerque Publishing Co.*, 589 F.2d 497 (10th Cir. 1978); *Alt v. American Income Life Insurance*, 337 F.2d 472 (10th Cir. 1964).

AFFIRMED.