OVERLAND OLOTOA, INC., OLOTOA OVERLAND MANUMA,
and LEAO'A V. MANUMA, Plaintiffs,
v.
NATIONAL PACIFIC INSURANCE COMPANY, Defendant.

High Court of American Samoa
Trial Division

CA No. 61-81

August 15, 1983

MURPHY, Associate Justice.

The above entitled matter came on Wednesday, August 3, 1983 before the undersigned court. The parties stipulated that the trial be bifurcated and the issue of liability be determined first. The matter was fully submitted and taken under advisement on August 4, 1983. The court makes the following findings and conclusions:

## FACTS

Defendant National Pacific Insurance Company (hereinafter N.P.I.) is an insurance corporation licensed to do business in the Territory of American Samoa. James McQuire has been its employee since 1977 and at all times herein relevant was its local manager. Plaintiffs own and operate various business enterprises in the Territory, including but not limited to a night club, called the Tepatasi. Adjacent to the night club was a 3 story building (hereinafter, the building) which on or about August 1, 1981 was completely destroyed by fire. That loss is the subject matter of this lawsuit.

\* \* \*

The negligence theory proffered by Plaintiff has not been universally accepted by the courts. There appears to be an almost even division of authority. See Annot., 32 ALR 2d 487 (1953 and Supp. 1982). The emerging and better view, however, allows recovery based on negligence in appropriate cases. Under the common law, tort recovery is predicated upon damages proximately caused by the breach of a legal duty. There is no rational reason why an insurer should be insulated from liability for an injury

resulting from its failure to exercise due care. We hold that an insurer may be liable in American Samoa for a negligent delay in acting upon an application for insurance.

"The 'negligent delay' theory, generally stated, is that an insurance company is under a duty to act upon an application for insurance within a reasonable period of time, and a violation of this duty, with resultant damages, subjects the company to liability for negligence." Continental Life & Acc. Co. v. Songer, 603 P.2d 921, 929 (Ariz. App. 1979).

The threshold issue thus confronting this Court is whether Defendant N.P.I. was negligent. We note, in passing, that many cases allowing recovery rely upon retention of a premium and a failure to indicate that no coverage exists. No premium was paid in this case and Plaintiff was aware that no coverage existed. However, these factors are not dispositive. An insurer may be otherwise negligent. E.g. Telford v. Binghan County F.M. Ins. Co., 16 P.2d 983 (Idaho 19  ).

Plaintiff's trial memorandum states that Coffey v. Polimeni, 188 F.2d 539 (9th) Cir. 1951), is "remarkably similar" to the case at bar. The cornerstone of negligence in Coffey was that, for some time, the insurer (actually Coffey was an independent agent, not an insurer) had in its possession all the information it required to accept or reject the insurance application. As regards the case presently in issue, however, Defendant N.P.I. had at all times maintained that the desired insurance could not be negotiated until an appraisal was submitted. As such Alt v. American Income Life Insurance Co., 337 F.2d 472 (1964), is more persuasive.

In Alt, the decedent's application for life insurance was held in abeyance until such time as a medical evaluation was furnished the insurer. Because a medical examination was never obtained, the time for acting upon the application had not begun to toll. The application was not complete, and the "negligent delay" doctrine never became justiciable.

The facts here are similar to those in Alt. The evidence adduced at trial establishes that Plaintiff was aware that there was no coverage on the building and that an appraisal was required before a policy could be negotiated. Plaintiffs' assertion that the appraiser was an agent of Defendant N.P.I. was not supported by the evidence. It is clear that he was an independent contractor. Neither does the evidence establish that Defendant would not accept the appraisal of any other person. It establishes instead that N.P.I. would accept only the evaluation of a competent appraiser, of which there is only one in all of Samoa. That Plaintiff diligently attempted to obtain the information does not create an insurance contract. Life itself entails considerable risks and being insured against them is a matter of agreement rather than right. A policy was not issued. A premium was not paid. Plaintiff knew the building was not insured. Defendant did nothing to mislead Plaintiff and Plaintiff was not mislead. The fire was unfortunate, even tragic. But what could Defendant have done? Must an insurance company issue a policy of insurance whenever and in whatever amount a client demands?

We conclude that Defendant was not negligent in failing to insure Plaintiff's property.